NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 12-2721
_____

JASON RIMEL,
                    Appellant

v.

MICHAEL J. ASTRUE, COMMISSIONER OF SOCIAL SECURITY
_____

APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE WESTERN
DISTRICT OF PENNSYLVANIA
(D.C. Civ. Action No. 11-538)
District Judge: Honorable Donetta W. Ambrose
_____

Submitted Under Third Circuit LAR 34.1(a)
March 22, 2013
_____

Before: McKEE, *Chief Judge*, SMITH, and GREENAWAY, JR., *Circuit Judges*.

(Opinion Filed:  March 28, 2013)

_____

OPINION
_____

GREENAWAY, JR., *Circuit Judge*.


        After the Social Security Administration denied him disability insurance benefits

(DIB) and supplemental security income (SSI), Appellant Jason Rimel sought review of the decision from the United States District Court for the Western District of Pennsylvania. The District Court affirmed the denial of Appellant's benefits and he filed this timely appeal.

For substantially the same reasons that the District Court affirmed the denial of benefits, we will affirm the order of the District Court.

## I. BACKGROUND

Since we write primarily for the benefit of the parties, we recount only the essential facts.

Appellant, a high school graduate, was thirty-one years old at the onset of his alleged disability. For approximately thirteen years prior to his alleged disability, he worked as a package sorter for United Parcel Service (otherwise known as "UPS"). Due to various symptoms related to depression and anxiety, Appellant quit his job in June 2005 and has felt too incapacitated to return to work ever since. In addition, Appellant was diagnosed with depression, anxiety, and obsessive compulsive disorder, and prescribed medication. After he stopped working, Appellant lived with his parents but managed to carry on a semi-normal existence, helping with household chores, driving, caring for his dog, lifting weights, hunting, drawing as a hobby, and occasionally socializing with friends and girlfriends.

On January 14, 2007, Appellant applied for DIB and SSI from the Social Security

Administration. After a hearing, an administrative law judge (ALJ) found that Appellant did not qualify as disabled under the Social Security Administration's five-step rubric and denied him DIB and SSI. Upon appellate administrative review, the ALJ's decision was vacated and remanded for further consideration, with specific instructions for the ALJ to consider the opinion of Appellant's treating psychiatrist, Sharon G. Rechter, M.D. On remand, the ALJ[1] also sought an independent paper review of Appellant's records by another psychiatrist, Richard Cohen, M.D. After another hearing, the ALJ again found that Appellant failed to qualify for DIB and SSI.

## II. STATEMENT OF JURISDICTION AND STANDARD OF REVIEW

The District Court had subject matter jurisdiction under 42 U.S.C. § 405(g), and we have jurisdiction under 28 U.S.C. § 1291.

Our review is plenary but, as the District Court did, we only review the ALJ's decision to deny social security benefits for substantial evidence. *Chandler v. Commn'r of Soc. Sec.*, 667 F.3d 356, 359 (3d Cir. 2011). Substantial evidence requires that the ALJ's findings rely on evidence that "a reasonable mind might accept as adequate to support a conclusion." *Id.* (quoting *Reefer v. Barnhart*, 326 F.3d 376, 379 (3d Cir. 2003)).

---

[1] The initial ALJ was Donald T. McDougall. J.E. Sullivan was the ALJ assigned on remand.

3

## III. ANALYSIS

Appellant argues that the ALJ's decision was not founded on substantial evidence because the ALJ discredited the opinion of Appellant's treating physician and was biased against him.

### A. Lack of Deference to the Treating Psychiatrist

While an ALJ must give great weight to a claimant's treating physician, an ALJ may discredit the treating physician's opinion if other evidence contradicts it. *Morales v. Apfel*, 225 F.3d 310, 317 (3d Cir. 2000); *see also Chandler*, 667 F.3d at 361. Here, it was appropriate for the ALJ to discredit Rechter's opinion. It was unsupported by Rechter's own medical documentation (which was internally inconsistent), contradicted by other medical evidence (particularly the July 13, 2009 assessment of P. Iyengar, M.D.), and undermined by Cohen's assessment. As the District Court explained, Cohen faulted Rechter's evaluation for downplaying Appellant's alcohol and drug abuse. Further, Appellant's own testimony about his daily activities, which included socializing with friends and hunting, conflicted with Rechter's assessment that his ability to function was severely limited.

### B. Bias

In determining Appellant's ability to function, the ALJ pursued a line of questions that probed Appellant's love life and sexual relations with female interests. Appellant

4

contends that this demonstrated that the ALJ was biased against him and prevented him from receiving a full and fair hearing because the questions embarrassed him. Such questions, while of a very personal nature, do not reflect any bias by the ALJ and did not impede the ALJ's responsibility to help Appellant develop a full and fair factual record. *See Ventura v. Shalala*, 55 F.3d 900, 902-03 (3d Cir. 1995). If anything, these questions were part of the ALJ's legitimate inquiry into Appellant's ability to interact with other people, which was salient to the ALJ making a fair and informed decision about his alleged disability.

## IV. CONCLUSION

For the foregoing reasons, we will affirm the May 16, 2012 order of the District Court.