**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 14-1696
_____

COREY L. HARRIS,
                              Appellant

v.

COMMISSIONER SOCIAL SECURITY
_____

On Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. Civil Action No. 1-12-cv-00209)
District Judge:  Honorable Donetta W. Ambrose
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
August 4, 2014

Before:  JORDAN, COWEN and BARRY, <u>Circuit</u> <u>Judges</u>

(Opinion filed: August 6, 2014)
_____

OPINION
_____

PER CURIAM

        Pro se appellant Corey Harris appeals the District Court's entry of summary

judgment affirming the final decision of the Commissioner of Social Security denying his

request for disability insurance benefits (DIB) and supplemental security income (SSI)

under the Social Security Act (the "Act"). For the reasons set forth below, we will affirm the District Court's judgment.

In February 2006, Harris filed applications for DIB and SSI. He alleged that he was disabled, and thus entitled to these benefits, due to left-foot problems and a mental and emotional breakdown. Before an Administrative Law Judge (ALJ), the parties presented a variety of documentary evidence, including reports of medical and mental-health evaluations from Helen Kohn, M.D., John Kalata, M.D., Glenn Thompson, Ph.D., Glenn Bailey, Ph.D., Glenn Thompson, Ph.D., Liberty Eberly, D.O., Nhgia Tran, M.D., and Raymond Dalton, Ph.D; medical records from Hamot Medical Center, St. Vincent Health Center, and Prison Health Services; progress notes from Stairways Outpatient and Safe Harbor Behavioral Health; and information about Harris's educational and vocational history.

In August 2010, after holding a hearing, the ALJ denied Harris's request for benefits. The ALJ determined that Harris suffered from three impairments that qualified as serious under the Act: mood disorder, personality disorder, and pain in his left foot. Nevertheless, the ALJ ruled that none of these impairments was equivalent to one of the impairments listed in the relevant regulations that precludes gainful employment. The ALJ next concluded that Harris possessed the residual functional capacity to perform certain light work. Finally, the ALJ ruled that, "[c]onsidering [Harris's] age, education, work experience, and residual functional capacity, there are jobs that exist in significant

numbers in the national economy that [Harris] can perform." More specifically, the ALJ concluded that Harris could work as an abrasive machine operator, a machine feeder, and a bench assembler. Consequently, the ALJ determined that Harris was not disabled and thus not entitled to DIB or SSI.

Harris appealed the ALJ's decision to the Appeals Council, which denied review. Harris subsequently provided additional documentary evidence to the Appeals Council and asked the Appeals Council to reopen his case. The Appeals Council denied this request, and Harris instituted an action in the District Court challenging the denial of benefits. The District Court concluded that the ALJ's decision was supported by substantial evidence, and thus granted judgment in favor of the Commissioner. Harris then filed a timely notice of appeal to this Court.

Like the District Court, we uphold the ALJ's findings if they are supported by substantial evidence. Rutherford v. Barnhart, 399 F.3d 546, 552 (3d Cir. 2005). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Id. (quotation marks omitted). It is "more than a mere scintilla but may be somewhat less than a preponderance of the evidence." Id.

Although the action in the District Court concerned solely the Commissioner's denial of Harris's requests for DIB and SSI, in his appellate brief, Harris presents sprawling allegations concerning employment discrimination, theft, conspiracy, and false

3

imprisonment.  We will not address the merits of these claims for the first time on appeal.

See C.H. v. Cape Henlopen Sch. Dist., 606 F.3d 59, 73 (3d Cir. 2010).

With respect to the arguments that are properly before us,[1] Harris first contends

that the ALJ erred in failing to credit a statement from Dr. Eberly that Harris "may never

be able to return to work in a full-time capacity."  Dr. Eberly made this statement,

without elaboration, in a form she provided to the Erie County Court of Common Pleas

for use in one of Harris's child-support actions.  However, Harris failed to present this

form to the ALJ; rather, he provided it for the first time to the Appeals Council in support

of his request for reopening.  To obtain relief in federal court based on evidence that was

not submitted to the ALJ, a claimant must "show[] good cause why that evidence was not

procured or presented before the ALJ's decision."  Chandler v. Comm'r of Soc. Sec., 667

F.3d 356, 360 (3d Cir. 2011).  Harris has made no effort to satisfy this standard, and no

justification for his failure to provide this statement earlier is apparent in the record.

---

[1] Because Harris is proceeding pro se, we construe his brief liberally, and will address even those arguments that he has not developed in great detail.  See, e.g., United States v. Otero, 502 F.3d 331, 334 (3d Cir. 2007).  At the same time, we will review only those arguments that he has actually presented.  See United States v. Pelullo, 399 F.3d 197, 222 (3d Cir. 2005) ("It is well settled that an appellant's failure to identify or argue an issue in his opening brief constitutes waiver of that issue on appeal."); see also Timson v. Sampson, 518 F.3d 870, 874 (11th Cir. 2008) (per curiam) ("While we read briefs filed by pro se litigants liberally, issues not briefed on appeal by a pro se litigant are deemed abandoned[.]" (internal citation omitted)).

Accordingly, the District Court did not err in refusing to remand the case based on Dr. Eberly's statement.[2]  See id.

Next, Harris argues that the jobs that the ALJ concluded he was capable of working were not currently available to him in Erie, Pennsylvania.  This argument is foreclosed by the Act itself, which provides that an individual will qualify as disabled only if his impairment is of such severity that he cannot "engage in any other kind of substantial gainful work which exists in the national economy, regardless of whether such work exists in the immediate area in which he lives, or whether a specific job vacancy exists for him, or whether he would be hired if he applied for work."  42 U.S.C. § 1382c(a)(3)(B); see also Liskowitz v. Astrue, 559 F.3d 736, 742 n.5 (7th Cir. 2009).

Harris also contends that the ALJ erred in finding that when he took his psychiatric medication, his mental and emotional condition improved.  According to Harris, any improvement was abated by the medicine's side effects, such as dizziness. However, Harris neither testified in his hearing that the medication caused side effects nor presented any documentary evidence in support of this contention; indeed, there is no mention of side effects anywhere in the administrative record.  Moreover, there is extensive evidence in the record that the medication did, in fact, help manage Harris's

---

[2] Moreover, given the conclusory nature of the statement and its inconsistency with other evidence in the record, it would have been proper for the ALJ to accord it little weight. See Jones v. Sullivan, 954 F.2d 125, 129 (3d Cir. 1991).

condition. Accordingly, Harris's challenge to the ALJ's findings on this issue lacks merit. See generally Rutherford, 399 F.3d at 552.

Finally, although Harris has not specifically challenged the ALJ's overall conclusion that he is not disabled, we have independently reviewed the record and conclude that substantial evidence supports the ALJ's ruling, for essentially the reasons detailed by the District Court.

Accordingly, we will affirm the District Court's judgment.