NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 14-2900
_____

NEVA FORD,
                                        Appellant
v.

COMMISSIONER SOCIAL SECURITY
_____

On Appeal from the United States District Court
for the District of New Jersey
District Court No. 2-12-cv-03857
District Judge: The Honorable Kevin McNulty

Submitted Pursuant to Third Circuit L.A.R. 34.1(a)
March 16, 2015

Before: SMITH, JORDAN, and VAN ANTWERPEN, *Circuit Judges*

(Filed: May 12, 2015)
_____

OPINION*
_____

SMITH, *Circuit Judge.*

In January of 2008, Neva Ford applied for disability insurance and

supplemental security income benefits under Titles II and XVI of the Social

_____

* This disposition is not an opinion of the full court and pursuant to I.O.P. 5.7 does
not constitute binding precedent.

Security Act, alleging disability beginning September 2005. After a hearing, the Administrative Law Judge (ALJ) denied Ford's application for benefits. The ALJ concluded that Ford had severe impairments, but none of these impairments met or equaled any of the listed impairments in Appendix 1. *See* 20 C.F.R. Pt. 404, Subpt. P, App. 1. Although Ford's impairments limited her ability to perform past relevant work, the ALJ found that they did not preclude Ford from performing the full range of sedentary work. Applying the medical-vocational guidelines in Appendix 2, the ALJ determined that Ford was not disabled as of December 31, 2009, her date last insured for purposes of disability insurance benefits, or as of the date of the ALJ's decision, February 25, 2010. *See* 20 C.F.R. Pt. 404, Subpt. P, App. 2. Ford unsuccessfully sought review with the Appeals Council, resulting in a final decision by the Commissioner of Social Security.

Ford filed a timely complaint in the District Court seeking judicial review. On March 31, 2014, the District Court affirmed the final decision of the Commissioner of Social Security. This timely appeal followed.[1] We exercise plenary review over legal issues. *Chandler v. Comm'r of Soc. Sec.*, 667 F.3d 356, 359 (3d Cir. 2011). Judicial review of the Commissioner's factual findings is limited to determining whether the findings are supported by substantial evidence,

---

[1] The District Court exercised jurisdiction under 28 U.S.C. § 1331 and 42 U.S.C. § 405(g). We have appellate jurisdiction under 28 U.S.C. § 1291 and 42 U.S.C. § 405(g).

2

42 U.S.C. § 405(g), which is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (internal quotation marks and citation omitted). For the reasons set forth below, we will affirm the judgment of the District Court.

Ford contends that the District Court erred by concluding that there was substantial evidence to support the ALJ's decision denying Ford's application for benefits. First, Ford takes issue with the ALJ's determination that Ford's testimony about the intensity, persistence and limiting effects of her impairments was not fully credible. Ford asserts that the ALJ improperly discounted her testimony, relying instead on his own assessment of the severity of her condition. As support for her contention that the ALJ erred, Ford cites to the opinion of Dr. Sunderam, Ford's treating physician, that she is permanently disabled because of "Type 2 Diabetes complicated by severe cardiomyopathy, severe Neuropathy, [and] Hypertension." In addition, she points out other medical evidence indicative of her limited ability to work.

Although a treating physician's opinion is entitled to great weight, an ALJ may discount a treating physician's opinion that either lacks support or is contradicted by other medical evidence. *Plummer v. Apfel*, 186 F.3d 422, 429 (3d Cir. 1999). Here, as the ALJ explained, Dr. Sunderam's opinion is unsupported by his own treatment notes and is contradicted by other medical evidence of record.

3

The conflicting medical evidence included testimony from Dr. Galst, a physician certified in internal medicine and cardiology who reviewed Ford's medical record. Dr. Galst testified that there was no medical evidence to support the diagnosis of cardiomyopathy and he highlighted the results of an echocardiogram a month before the hearing that indicated Ford's left ventricular function and ejection fraction were normal. Indeed, Ford's counsel conceded during the ALJ hearing that there was no objective evidence of cardiomyopathy. With respect to Ford's diabetic neuropathy, Dr. Galst noted that there were no diagnostic studies to confirm a neurologic deficit. Indeed, physical examinations by Dr. Sunderam during hospitalizations in 2006, 2008, and 2009 documented the absence of any focal neurological deficit. Accordingly, we conclude that it was not improper for the ALJ to discount Dr. Sunderam's opinion and to accord controlling weight to Dr. Galst's testimony.

Ford's assertion that the ALJ erred by discounting Ford's testimony is not persuasive. It is well established that an ALJ must give serious consideration to a claimant's subjective complaints and may not discount that testimony without contrary medical evidence. *Mason v. Shalala*, 994 F.2d 1058, 1067-68 (3d Cir. 1993). The ALJ complied with this standard. Despite the lack of support for Dr. Sunderam's opinion that Ford was disabled, the ALJ accorded significant weight to Ford's testimony. The ALJ not only concluded that Ford was unable to perform

her past relevant work as a human services technician at a psychiatric hospital, but also that Ford was limited to sedentary work.

Ford also contends that the ALJ erred in finding that Ford has the residual functional capacity to perform sedentary work. This argument lacks merit. The ALJ appropriately relied upon Dr. Galst's opinion that Ford was able to perform sedentary work. Dr. Galst acknowledged that Ford was morbidly obese, but explained that she did not have cardiomyopathy and that several diagnostic tests, which had been done to assess her cardiac status, were normal. In addition, Dr. Galst noted that Ford had no orthopedic problems, no motor impairment and no serious sensory impairment. Accordingly, there was substantial evidence to support the ALJ's finding that Ford was capable of performing sedentary work.

We conclude that there is substantial evidence to support the ALJ's findings. For that reason, we will affirm the District Court's judgment affirming the final decision of the Commissioner to deny Ford's application for benefits.