PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 11-2220
_____

KACEE LEE CHANDLER

v.

COMMISSIONER OF SOCIAL SECURITY,

Appellant

_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. No. 10-cv-01047)
District Judge:  Honorable Malcolm Muir
_____

Submitted Under Third Circuit LAR 34.1(a)
December 6, 2011

Before:  HARDIMAN, BARRY
and VAN ANTWERPEN, *Circuit Judges*.

(Filed: December 7, 2011)

Shawn P. McLaughlin
Menges, McLaughlin & Kalasnik
145 East Market Street
York, PA 17401-0000
       *Attorneys for Plaintiff-Appellee*

Robert D. Kamenshine
William Kanter
Leonard Schaitman
Wesley P. Page
United States Department of Justice
Civil Division
Room 7213
950 Pennsylvania Avenue, N.W.
Washington, DC 20530-0000
       *Attorneys for Defendant-Appellant*

_____

OPINION OF THE COURT
_____

HARDIMAN, *Circuit Judge*.

The Commissioner of Social Security appeals the District Court's order remanding this case after an administrative law judge (ALJ) denied Kacee Chandler's claims for Social Security Disability Insurance Benefits (DIB) and Supplemental Security Income (SSI). We will reverse the judgment of the District Court.

I

Kacee Chandler is a mother of two with a GED and two

years of business school education.  In 2006, she developed reflexive sympathetic dystrophy (RSD) after she fell.  At the time, she was a bookkeeper and part-time receptionist for a law firm, as well as a housecleaner.  Chandler worked full-time until January 2007, but by October 2007 she had reduced her hours to three per day, five days per week.  She stopped working altogether in April 2008.

Chandler filed for DIB and SSI in October 2007, but her application was denied in June 2008.  In June 2009, Chandler received a hearing before the ALJ, who denied her applications at Steps Four and Five, finding that she was not disabled because she had the residual functional capacity (RFC) to perform sedentary work with certain limitations and that jobs meeting those criteria were available.  *See* 20 C.F.R. §§ 404.1520, 404.1545(a), 416.920; *see also Hartranft v. Apfel*, 181 F.3d 358, 359 n.1 (3d Cir. 1999) (explaining RFC as "that which an individual is still able to do despite the limitations caused by his or her impairment(s)" (citing 20 C.F.R. § 404.1545(a))).  Eight months later, the Appeals Council denied Chandler's request for review of the ALJ determination, making it the Commissioner's final decision.  In May 2010, Chandler sought review in the District Court.  The District Court held that the ALJ's RFC determination was not supported by substantial evidence, and the Commissioner appealed.

II

The District Court had jurisdiction under 42 U.S.C. §§ 405(g) and 1383(c)(3), and we have jurisdiction under 28 U.S.C. § 1291.  We exercise plenary review over legal conclusions reached by the Commissioner.  *See Poulos v. Comm'r of Soc. Sec.*, 474 F.3d 88, 91 (3d Cir. 2007).  We review the

3

Commissioner's factual findings for "substantial evidence," 42 U.S.C. § 405(g), which is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Reefer v. Barnhart*, 326 F.3d 376, 379 (3d Cir. 2003) (quoting *Richardson v. Perales*, 402 U.S. 389, 401 (1971)) (internal quotation marks omitted). Courts are not permitted to re-weigh the evidence or impose their own factual determinations. *See Richardson*, 402 U.S. at 401.

III

Consistent with her burden to produce evidence supporting her disability claim, *see* 20 C.F.R. § 404.1512; *Rutherford v. Barnhart*, 399 F.3d 546, 551 (3d Cir. 2005), Chandler presented numerous medical records describing treatments and evaluations between January 2006 and May 2009. The records detailed her RSD diagnosis and the placement and revision of a spinal cord stimulator to help control her pain. Chandler's records also indicated a dependency on prescription painkillers for years after her injury. Finally, the record contained several opinions and notations by medical professionals regarding Chandler's disability.

In September 2007, nurse practitioner Lisa DeWees wrote that Chandler was "permanently disabled" but that she could still work at a "very low physical stress job" twenty to twenty-five hours per week. In April 2009, DeWees also noted that Chandler "cannot work and earn money in any capacity due to her . . . [RSD] . . . and cannot sit, stand, or walk for greater than 30 minutes at a time."

State agency psychologist Dr. Karen Weitzner opined on June 25, 2008, that Chandler had an "adjustment disorder" but

4

that it did not satisfy the regulations' diagnostic criteria and was not a severe impairment; it only mildly limited her social functioning and concentration and did not impede her daily activities.

On July 1, 2008, State agency medical consultant Dr. Vrajlal Popat issued a Physical Residual Functional Capacity Assessment after reviewing Chandler's medical records through June 2008. He acknowledged, among other things, that Chandler had "pain which [was a] sharp, stabbing ice pick sensation," and confirmed that "the medical evidence establishe[d] a medically determinable impairment of [RSD]." Ultimately, Dr. Popat concluded that Chandler retained the ability to occasionally lift or carry ten pounds, climb stairs, balance, stoop, kneel, crouch, and crawl, and that she had no manipulative, visual, communicative, or environmental limitations.

After the ALJ's decision, Chandler submitted to the Appeals Council two additional opinions: one from DeWees's colleague, Dr. Christopher Echterling, and one from her former supervisor at the law firm, N. Christopher Menges. Dr. Echterling simply "concur[red]" with DeWees's April 2009 diagnosis. Menges explained Chandler's poor concentration and accuracy in the workplace after her injury.

IV

The District Court rejected the ALJ's decision because "there was no timely and relevant opinion by a medical expert which support[ed] the [RFC] determination." *Chandler v. Astrue*, No. 4:10-cv-01047, slip op. at 19 (M.D. Pa. Mar. 8, 2011). Essential to this holding was the District Court's

5

rejection of Dr. Popat's report as no longer useful to the ALJ determination because Dr. Popat had only reviewed the medical records through June 2008. As we shall explain, the District Court committed legal error in disregarding Dr. Popat's report.[1]

Preliminarily, we must distinguish between the new records and DeWees's April 2009 notes, which arose after Dr. Popat's report but before the ALJ's decision, and the opinions of Dr. Echterling and Menges, which were never before the ALJ. As to the latter, remand cannot be justified based on the ALJ's failure to consider those documents. "[A]lthough evidence considered by the Appeals Council is part of the administrative record on appeal, it cannot be considered by the District Court in making its substantial evidence review . . . ." *Matthews v. Apfel*, 239 F.3d 589, 593 (3d Cir. 2001). Moreover, remand based on new evidence is only appropriate where the claimant shows good cause why that evidence was not procured or presented before the ALJ's decision, *id.* at 594, and Chandler has failed to do so here because she has not explained "why she did not attempt to obtain [the] evaluation[s] at a time when [they] could be considered by the ALJ," *id.* at 595.

With respect to the records arising after Dr. Popat's

---

[1] The District Court also noted that Dr. Weitzner "only reviewed the medical records through June 25, 2008." *Chandler*, No. 4:10-cv-01047, slip op. at 16. Although Chandler has not focused her appeal on the ALJ's Step Two determination that her depression was not severe, for the reasons explained herein, this was no basis for discrediting Dr. Weitzner's report, which provided substantial evidence for the ALJ's determination.

6

review but before the ALJ's decision, a few salient points emerge. First, the records presented to the ALJ in this case were, at most, a few years old. They tracked Chandler's injury and deterioration during the time periods surrounding her disability onset date.[2] We have permitted reliance on records much older than those presented in this case. *See, e.g.*, *Morales v. Apfel*, 225 F.3d 310, 312–13 (3d Cir. 2000) (upholding a 1997 ALJ decision based on records from 1989 through 1994); *Hartranft*, 181 F.3d at 360–61 (finding substantial evidence where the ALJ relied on six-year-old medical records).

Second, because state agency review precedes ALJ review, there is always some time lapse between the consultant's report and the ALJ hearing and decision. The Social Security regulations impose no limit on how much time may pass between a report and the ALJ's decision in reliance on it. Only where "additional medical evidence is received that *in the opinion of the [ALJ]* . . . may change the State agency medical . . . consultant's finding that the impairment(s) is not equivalent in severity to any impairment in the Listing," is an update to the report required. SSR 96-6p (July 2, 1996) (emphasis added). The ALJ reached no such conclusion in this case.[3]

---

[2] Chandler revised her disability onset date several times. In her original disability application, Chandler alleged an onset date of January 2006. In proceedings before the ALJ, she amended it to January 2007. Finally, in her request to the Appeals Council, she revised her onset date to January 2008.

[3] Although the District Court found that the ALJ's explanation for its Step Three determination that Chandler's

Contrary to the District Court's view, the ALJ was entitled to rely on Dr. Popat's opinion. The ALJ—not treating or examining physicians or State agency consultants—must make the ultimate disability and RFC determinations. *See* 20 C.F.R. §§ 404.1527(e)(1), 404.1546(c). Although treating and examining physician opinions often deserve more weight than the opinions of doctors who review records, *see, e.g.*, 20 C.F.R. § 404.1527(d)(1)–(2), "[t]he law is clear . . . that the opinion of a treating physician does not bind the ALJ on the issue of functional capacity," *Brown v. Astrue*, 649 F.3d 193, 197 n.2 (3d Cir. 2011). State agent opinions merit significant consideration as well. *See* SSR 96-6p ("Because State agency medical and psychological consultants . . . are experts in the Social Security disability programs, . . . 20 C.F.R. §§ 404.1527(f) and 416.927(f) require [ALJs] . . . to consider their findings of fact

---

impairments did not match or equal a listing was "inadequate," *Chandler*, No. 4:10-cv-01047, slip op. at 17, it clearly stated that its remand was based primarily on the "lack of substantial evidence supporting the [ALJ's] [RFC] assessment," Memorandum Pursuant to Local Appellate Rule 3.1 at 4, *Chandler*, No. 4:10-cv-01047 (M.D. Pa. May 6, 2011).

Moreover, Chandler does not argue that her new records or DeWees's additional notes would have altered the ALJ's or Dr. Popat's decisions at Step Three. She contends that "it is likely, if not expected that the opinions proffered by Dr. Echterling would have a substantial effect on the outcome of the disability determination," but, as explained above, neither the District Court nor this Court may consider Dr. Echterling's opinion with respect to whether the ALJ had substantial evidence to deny Chandler's application.

8

about the nature and severity of an individual's impairment(s) . . . .").

We also note that the ALJ did not merely rubber stamp Dr. Popat's RFC conclusion. *Cf.* 20 C.F.R. § 404.1527(f)(1)(i) (clarifying that the RFC findings of non-examining State agency consultants are "based on the evidence . . . but are not in themselves evidence"). Instead, the ALJ found persuasive and incorporated DeWees's opinion that Chandler cannot sit for more than thirty minutes at a time, even though the ALJ was not required to consider DeWees's opinion at all because, as a nurse practitioner, she is not an "acceptable medical source[]." *See* 20 C.F.R. § 404.1513(a). The ALJ also added restrictions Dr. Popat did not deem necessary.[4]

---

[4] The ALJ's complete RFC finding was:

[T]he claimant has the residual functional capacity to perform sedentary work . . . except that the claimant is limited to standing and walking for 15 minutes at a time and no more tha[n] 2 hours per day. The claimant is able to sit for 6 hours in an 8 hour day. The claimant needs to be able to sit/stand/walk at will. She is limited to lifting and carrying 5 pounds frequently and 10 pounds occasionally. She has no limitation on pushing and pulling up to 10 pounds. She is precluded from using foot controls with her right foot. She has no limitation on foot controls with her left foot. She has no limitation on overhead reaching, bending or manipulation. The claimant is precluded from climbing, balancing, crawling,

The District Court also suggested that the ALJ's explanation in support of its decision was insufficient for meaningful review. We disagree that the ALJ failed in this respect. An ALJ must explain the weight given to physician opinions and the degree to which a claimant's testimony is credited. *See* 20 C.F.R. § 404.1527(f)(2)(ii); *Rutherford*, 399 F.3d at 557. The ALJ's six-page "Findings of Fact and Conclusions of Law" detailed Chandler's medical history and the state agency opinions. The ALJ explained that he gave "significant weight" to Dr. Popat's opinion and that, other than DeWees's opinion, "there [we]re no other treating or examining medical source statements which addressed the claimant's physical capabilities." The ALJ explained that he "considered and evaluated" DeWees's opinion even though it purported to make the ultimate disability determination, which is reserved to the Commissioner.[5] The ALJ also explained why he discredited some of Chandler's testimony.

Chandler argues that "error occurred when the ALJ

using vibrating tools, unprotected heights and hazardous conditions. She is limited to occasional stooping, kneeling and crouching. Due to her use of pain medication, she is limited to simple 1-2 step repetitive tasks without a high pace or production quotas.

[5] Although the ALJ's findings only noted DeWees's September 2007 opinion that Chandler was "permanently disabled" but could still work twenty to twenty-five hours per week at a "very low physical stress job," the sit/stand limitation in the RFC demonstrates that the ALJ factored in DeWees's April 2009 opinion as well.

10

reviewed or, more properly stated, ignored, the intervening developments in the record and, applying his own lay opinion, extrapolated from the medical opinion he obtained one year previous, from Dr. Popat, and determined that Chandler continued to have a virtually identical RFC." The District Court likewise concluded that the ALJ had reached its decision based on its own improper lay opinion regarding medical evidence. But the ALJ is not precluded from reaching RFC determinations without outside medical expert review of each fact incorporated into the decision. Although reliance on State consultants' and treating physicians' opinions is common and ALJs are required to consider any existing State consultant reports, *see* 20 C.F.R. §§ 404.1519, 404.1527(f), the regulations do not require ALJs to seek outside expert assistance, *see* 20 C.F.R. §§ 404.1546(c), 404.1527(e); SSR 96-5p (July 2, 1996). Therefore, the ALJ did not err in this regard.

V

Having found that Dr. Popat's report was properly considered by the ALJ, we readily conclude that the ALJ's decision was supported by substantial evidence for the reasons we have stated. The new medical evidence generated after Dr. Popat's review did not undermine his conclusion. Chandler's September 2008 Progress Note says: "[H]er foot pain has improved. They gave her a new antenna for her spinal cord stimulator and things have improved. . . . She really feels comfortable with her medications at this time and does not want to change anything. . . . She has stopped smoking marijuana." Just before the ALJ hearing, in May 2009, Chandler's fentanyl patch was "tak[ing] the edge off," and "she [was] able to do her activities of daily living." Chandler was experiencing some new hand pain but was able to "use a computer frequently."

11

Nor did Chandler's own subjective complaints of pain and limitations cast doubt on Dr. Popat's report. Although "any statements of the individual concerning his or her symptoms must be carefully considered," SSR 96-7p (July 2, 1996), the ALJ is not required to credit them, *see* 20 C.F.R. § 404.1529(a). Chandler had reported extreme pain to doctors and claimed that she had to lie down most of the day, but she also testified that she managed to shop several times per week, cook dinner, care for her two children, and visit with friends. The ALJ thus had substantial evidence to conclude Chandler was not "credible regarding the intensity and extent of her limitations, especially her need to lie down most of the day due to pain," and was entitled to rely instead on Dr. Popat's opinion.

## VI

For the foregoing reasons, we will reverse the District Court's judgment and affirm the decision of the ALJ.