CLD-347                                          NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 13-1382
_____

ANN MARIE DEGENARO-HUBER,
                                              Appellant

v.

COMMISSIONER OF SOCIAL SECURITY
_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(M.D. Pa. Civil No. 3-11-cv-01424)
District Judge: Honorable James M. Munley
_____

Submitted for Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B)
or Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
July 25, 2013

Before: RENDELL, JORDAN and SHWARTZ, Circuit Judges

(Opinion filed: August 12, 2013)
_____

OPINION
_____

PER CURIAM

        Ann Marie Degenaro-Huber appeals from the judgment entered by the District

Court, affirming the decision of the Commissioner of Social Security to deny her claim

for disability insurance benefits. We will summarily affirm because no substantial question is presented by this appeal.

## I.

Degenaro-Huber filed an application for disability insurance benefits, claiming she suffered severe diabetic neuropathy and psoriasis. On the alleged disability onset date, she was 41 years of age, had a tenth-grade education, and had been employed as a postal service distribution clerk, a cook, and a fast food restaurant manager.

Following the denial of her application by the Bureau of Disability Determination, she was granted a hearing before an administrative law judge, who issued a decision denying her application. The Appeals Council denied her request for review. Thereafter, Degenaro-Huber filed an action in District Court, but the matter was remanded on the motion of the Commissioner. A second hearing was held before a different administrative law judge, who also issued a decision denying her application. The Appeals Council concluded there was no basis upon which to grant Degenaro-Huber's request for review. Degenaro-Huber then filed a complaint in District Court, seeking review of the Commissioner's decision denying her claim. The District Court affirmed, and Degenaro-Huber timely appealed.

## II.

The District Court had jurisdiction under 42 U.S.C. § 405(g), and we exercise appellate jurisdiction under 28 U.S.C. § 1291. We review legal issues decided by the Commissioner de novo and factual findings for substantial evidence. See Poulos v.

Comm'r of Soc. Security, 474 F.3d 88, 91 (3d Cir. 2007). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate." Fargnoli v. Massanari, 247 F.3d 34, 38 (3d Cir. 2001) (internal quotation omitted). Where findings are supported by substantial evidence, they are "conclusive." 42 U.S.C. § 405(g); see Hartranft v. Apfel, 181 F.3d 358, 360 (3d Cir. 1999).

To qualify for disability benefits, an applicant must demonstrate that she is "unable to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. § 1382c(a)(3)(A). Further, the applicant's physical or mental impairments must be "of such severity that [s]he is not only unable to do [her] previous work but cannot, considering [her] age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy." 42 U.S.C. § 1382c(a)(3)(B).

A five-step, sequential evaluation is used to determine whether an applicant is disabled. 20 C.F.R. § 404.1520. The Commissioner must determine: (1) whether the applicant has engaged in substantial gainful activity since the alleged disability onset date; (2) whether the applicant has a severe impairment or combination of impairments; (3) whether the impairment or combination of impairments meets the criteria of a listed impairment; (4) whether, despite the severe impairment, the applicant retains the residual functional capacity to perform her past relevant work; and (5) whether the applicant is

3

capable of performing other jobs that exist in the national economy, considering her age, education, work experience, and residual functional capacity. 20 C.F.R. § 404.1520(a)(4); Poulos, 474 F.3d at 91-92.

The administrative law judge conducted a thorough evaluation of Degenaro-Huber's claim, performing each of the five steps of the required analysis. He considered her extensive medical history, her age, education and work history, and her testimony, as well as medical assessments and the testimony of a vocational expert. He concluded that: (1) Degenaro-Huber had not engaged in substantial gainful activity since her alleged disability onset date; (2) she suffered from obesity, diabetes, and psoriasis; (3) these impairments limited her ability to perform some basic work-related activities but did not rise to listing level severity; (4) she retained the residual functional capacity to perform light work, but her past relevant work exceeded her residual functional capacity; and (5) she was capable of making a successful transition to other light work that existed in significant numbers in the national economy. The administrative law judge's conclusions are supported by substantial evidence.

The District Court conducted a comprehensive analysis with extensive citation to the record. Crucial to the District Court's affirmance were its conclusions that (1) Degenaro-Huber failed to meet her burden to "present medical findings equal in severity to *all* the criteria" of a listed impairment, Sullivan v. Zebley, 493 U.S. 521, 531 (1990) (emphasis in original); (2) the administrative law judge appropriately relied on the physical functional assessment of the board-certified doctor who examined Degenaro-

4

Huber on behalf of the Bureau of Disability Determination in setting her residual functional capacity, see Chandler v. Comm'r of Soc. Security, 667 F.3d 356, 362 (3d Cir. 2011); and (3) the administrative law judge's determination regarding Degenaro-Huber's credibility should be afforded great deference, see Reefer v. Barnhart, 326 F.3d 376, 380 (3d Cir. 2003).

III.

As we agree with the District Court's analysis and conclude that no substantial question is presented on appeal, we will summarily affirm its judgment.