**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 14-3500

_____

ARMANDA DORITY,

　　　　　　　　　　　　　　　　Appellant

v.

COMMISSIONER SOCIAL SECURITY

_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(M.D. Pa. Civil Action No. 1:12-cv-01170)
District Judge:  Honorable Martin C. Carlson

_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
March 24, 2015

Before:  HARDIMAN, GREENAWAY, JR., and KRAUSE, *Circuit Judges*.

(Opinion filed:  August 4, 2015)

_____

OPINION[*]

_____

KRAUSE, *Circuit Judge.*

　　Armanda Dority appeals the District Court's judgment affirming the

Commissioner of Social Security's denial of her claims for disability insurance benefits

_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7
does not constitute binding precedent.

and supplemental security income under Titles II and XVI of the Social Security Act, 42 U.S.C. §§ 401-34, 1381-83f. Because we perceive no legal error and the Administrative Law Judge's ("ALJ") decision is supported by substantial evidence, we will affirm.

I.

Dority was born on July 23, 1958 and has previous work experience as a home health aide, teacher's aide, school crossing guard, daycare operator, deli clerk, cashier, and cosmetologist. She initially filed an application for disability benefits under Title II and Title XVI of the Social Security Act in June 2006, alleging that she is disabled due to degenerative disc disease of her lumbar spine and diabetes mellitus with neuropathy and retinopathy. The Social Security Administration denied her claim, the ALJ affirmed, and the Appeals Council denied her request to review the decision.

Dority then filed a complaint in the United States District Court for the Middle District of Pennsylvania, which reversed and remanded on the ground that the ALJ's decision was not supported by substantial evidence. The District Court also ordered the ALJ to conduct a new hearing, to obtain medical evidence from a physician, and to fully develop the record. On remand, the ALJ heard testimony from Dr. Robert Sklaroff, a medical expert and physician, and Dr. Carolyn Rutherford, a vocational expert, and again denied her application for social security benefits, finding that she was not disabled. After the Appeals Council denied Dority's request for review, the District Court held that the ALJ's decision was supported by substantial evidence and affirmed the denial of benefits.

2

Dority now appeals the District Court's order affirming the ALJ's decision. The District Court had jurisdiction pursuant to 42 U.S.C. § 405(g), and we have jurisdiction under 28 U.S.C. § 1291.

## II.

The Social Security Administration follows a five-step process to determine whether an individual is disabled.[1] Consistent with that process, the ALJ found that Dority (1) has not engaged in substantial gainful activity since the alleged disability onset date; (2) has severe impairments, namely diabetes mellitus, discogenic disease, fibromyalgia, and obesity; (3) does not have a severe impairment that meets or medically equals the severity of the listed impairments; (4) has the residual functional capacity to perform a light range of work; and (5) is capable of performing past relevant work as a home health aide and teacher's aide. On the basis of these findings, the ALJ concluded Dority was not disabled.

---

[1] "The Commissioner evaluates each case according to a five-step process until a finding of 'disabled' or 'not disabled' is made. *See* 20 C.F.R. § 404.1520(a). The sequence is essentially as follows: (1) if the claimant is currently engaged in substantial gainful employment, she will be found not disabled; (2) if the claimant does not suffer from a 'severe impairment,' she will be found not disabled; (3) if a severe impairment meets or equals a listed impairment in 20 C.F.R. Part 404, Subpart P, Appendix 1 and has lasted or is expected to last continually for at least twelve months, then the claimant will be found disabled; (4) if the severe impairment does not meet prong (3), the Commissioner considers the claimant's residual functional capacity ('RFC') to determine whether she can perform work she has done in the past despite the severe impairment—if she can, she will be found not disabled; and (5) if the claimant cannot perform her past work, the Commissioner will consider the claimant's RFC, age, education, and past work experience to determine whether she can perform other work which exists in the national economy. *See id.* § 404.1520(b)-(f)." *Schaudeck v. Comm'r of Soc. Sec.*, 181 F.3d 429, 431-32 (3d Cir. 1999).

We are bound by the ALJ's findings of fact if there is substantial evidence to support them. *Morales v. Apfel*, 225 F.3d 310, 316 (3d Cir. 2000). Substantial evidence is "more than a mere scintilla; it means such relevant evidence as a reasonable mind might accept as adequate." *Burnett v. Comm'r of Soc. Sec.*, 220 F.3d 112, 118 (3d Cir. 2000) (quoting *Plummer v. Apfel*, 186 F.3d 422, 427 (3d Cir. 1999)) (internal quotation marks omitted). Overall, the substantial evidence standard is deferential to the ALJ's findings of fact. *Schaudeck*, 181 F.3d at 431.

Dority first argues that the ALJ erred by favoring the medical opinions of Dr. Sklaroff and Dr. H. N. Olewiler over the opinions of Dr. Robert O'Leary and her vocational rehabilitation consultant, Carole Fisher. When there is a conflict between the opinions of medical experts, "the ALJ may choose whom to credit but cannot reject evidence for no reason or for the wrong reason," and must "give some reason for discounting the evidence she rejects." *Plummer*, 186 F.3d at 429 (internal quotation marks and citations omitted). We may not re-weigh the evidence or impose our own factual determinations. *Chandler v. Comm'r of Soc. Sec.*, 667 F.3d 356, 359 (3d Cir. 2011).

The ALJ here credited Dr. Sklaroff after observing his live testimony and finding that it was consistent with the overall medical record. On the other hand, the ALJ gave no weight to Dr. O'Leary and Ms. Fisher's opinions because they were obtained in connection with a 2004 personal injury lawsuit and were not supported by or consistent with medical records, including Dority's radiology and MRI reports. The record

4

therefore demonstrates that the ALJ's decision, including the weight the ALJ ascribed to the testimony of various medical experts, is supported by substantial evidence.

Dority next asserts that the ALJ committed reversible error by ignoring her testimony about the severe restrictions on her daily activities and the intensity and persistence of her symptoms. In assessing an applicant's credibility, an ALJ must consider "the extent to which [the claimant's] symptoms can reasonably be accepted as consistent with the objective medical evidence and other evidence," including the opinions of medical experts. 20 C.F.R. §§ 404.1512(b)(1)(i)-(viii); 404.1529(a). "[S]tatements about [the claimant's] pain or other symptoms will not alone establish that [the claimant is] disabled." 20 C.F.R. § 404.1529(a).

The ALJ here fulfilled that mandate by considering Dority's testimony in the context of the medical evidence. The ALJ noted, among other things, that Dr. Sklaroff testified that although Dority was insulin-dependent, her diabetes was under control, and that, despite her complaints of back pain, she had minimal evidence of neuropathy, no evidence of radiculopathy, and only mild stenosis with no disk disease. Substantial evidence therefore supports the ALJ's finding that Dority's statements were not credible to the extent that they conflicted with the medical evidence.

Dority's final argument, that the ALJ improperly substituted her own medical opinion for the opinions of medical experts, also fails because it lacks support in the record. The ALJ's opinion in fact relied heavily on the expert testimony of Dr. Sklaroff, Dr. Olewiler, and Dr. Rutherford and their analyses of the medical evidence.

III.

Because there is substantial evidence supporting the ALJ's denial of benefits, we will affirm the decision of the District Court.