NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 14-3581
_____

CARL OSBOURNE WISE,

Appellant

v.

COMMISSIONER OF SOCIAL SECURITY
_____

On Appeal from United States District Court
for the Western District of Pennsylvania
(W.D. Pa. No. 2-13-cv-00968)
District Judge:  Honorable Cathy Bissoon
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
April 28, 2015

Before:  FISHER, HARDIMAN and ROTH, *Circuit Judges*.

(Filed:  September 16, 2015)
_____

OPINION[*]
_____

_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

FISHER, *Circuit Judge*.

Carl Osbourne Wise appeals the District Court's summary judgment in favor of the Commissioner of Social Security affirming the Commissioner's denial of Wise's disability benefits. We will affirm.

I.

We write principally for the parties, who are familiar with the factual context and legal history of this case. Therefore, we will set forth only those facts that are necessary to our analysis.

In January 2012, Wise applied for Social Security Disability Insurance Benefits and Supplemental Security Income. The basis for Wise's applications was an alleged inability to work beginning September 6, 2011, due to various physical ailments as well as depression, anxiety, and insomnia. Wise's applications were initially denied, so he requested a hearing before an administrative law judge ("ALJ"). Following a hearing, the ALJ concluded that Wise was not disabled because Wise had the residual functional capacity ("RFC") to perform a range of sedentary work for which there were a significant number of jobs available in the economy. The Appeals Council denied Wise's request for review of the ALJ's decision, making it the Commissioner's final decision.

Wise appealed to the District Court, and the District Court granted summary judgment in favor of the Commissioner, concluding that the ALJ's findings were supported by substantial evidence. Wise timely appealed.

## II.

The District Court had jurisdiction under 42 U.S.C. §§ 405(g) and 1383(c)(3). We have jurisdiction under 28 U.S.C. § 1291. We exercise plenary review over the Commissioner's legal conclusions and review the Commissioner's factual findings for substantial evidence, "which is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."[1] In reviewing the evidence, we may not re-weigh the evidence or substitute our view for the Commissioner's.[2]

## III.

The core issue on appeal is whether the ALJ erred at step five of the Social Security Administration's five-step process[3] in concluding that Wise was capable of

---

[1] *Chandler v. Comm'r of Soc. Sec.*, 667 F.3d 356, 359 (3d Cir. 2011) (internal quotation marks omitted).

[2] *See Rutherford v. Barnhart*, 399 F.3d 546, 552 (3d Cir. 2005).

[3] The five-step process requires the ALJ to review:

(1) the claimant's current work activity; (2) the medical severity and duration of the claimant's impairments; (3) whether the claimant's impairments meet or equal the requirements of an impairment listed in the regulations; (4) whether the claimant has the residual functional capacity to return to past relevant work; and (5) if the claimant cannot return to past relevant work, whether he or she can make an adjustment to other work in the national economy.

3

performing other jobs available in the national economy given his RFC. An individual's

RFC "is defined as that which an individual is still able to do despite the limitations

caused by his or her impairment(s)."[4] In determining a claimant's RFC, the ALJ must

consider all the evidence in the record, including the medical and non-medical evidence,

and the ALJ must explain his rejection of any pertinent evidence. An ALJ faced with

conflicting medical opinions may choose to credit one over another as long as the ALJ

gives a permissible reason for rejecting a medical opinion.[5] Provided that the RFC

determination must be supported by substantial evidence, the decision is for the ALJ to

make, not the treating physicians or State agents.[6]

The ALJ concluded that Wise had the RFC to perform a range of sedentary work,

which, in addition to physical limitations not challenged on appeal, was "limited to

simple, routine, and repetitive tasks requiring no more than occasional interaction with

supervisors, coworkers, and the general public."[7] Wise contends that the ALJ's RFC

findings as to his mental limitations are inconsistent with the medical evidence showing

that Wise could not handle changes in a routine work setting. For support, Wise relies on

the opinion of Dr. Thomas Andrews, the State agency examining psychologist, who in a

---

*Smith v. Comm'r of Soc. Sec.*, 631 F.3d 632, 634 (3d Cir. 2010) (internal quotation marks omitted). At steps one through four, the burden of proof is on the claimant; at step five, the burden shifts to the Commissioner. *Id.*

[4] *Fargnoli v. Massanari*, 247 F.3d 34, 40 (3d Cir. 2001) (internal quotation marks omitted).

[5] *Diaz v. Comm'r of Soc. Sec.*, 577 F.3d 500, 505–06 (3d Cir. 2009).

[6] *Chandler*, 667 F.3d at 361.

[7] App. 59.

checkbox form accompanying his examination report opined that Wise was markedly limited in his ability to respond appropriately to work pressures in a usual work setting and to changes in a routine work setting. Wise also cites the opinion of Dr. John Rohar, the State agency reviewing psychologist (who did not personally examine Wise), stating that Wise could "perform simple, routine, repetitive work in a stable environment."[8] Wise contends that, by leaving out a limitation in Wise's RFC about adapting to changes in the work setting, the ALJ wrongfully elevated his own assessment of the medical evidence above the assessment of the psychologists. We disagree.

In his explanation of his RFC findings, the ALJ expressly considered the opinions of Dr. Andrews and Dr. Rohar. Notably, and contrary to Wise's assertions on appeal, Dr. Andrews's and Dr. Rohar's opinions were not unanimous. Dr. Rohar criticized Dr. Andrews's assessment "as an overestimate of the severity" of Wise's limitations, particularly the assessment of Wise's inability to "mak[e] performance adjustments and mak[e] personal and social adjustments."[9] Dr. Rohar explained that Dr. Andrews's opinion should be discounted because it was "based on a brief clinical encounter" and relied too heavily on Wise's "subjective report of symptoms and limitations."[10] Dr. Rohar

---

[8] App. 179.
[9] App. 180.
[10] *Id.*

5

found that Wise's impairments did not prevent him "from performing the basic mental demands of competitive work on a sustained basis."[11]

The ALJ assigned Dr. Andrews's opinion only "some weight," rejecting his conclusory opinion about Wise's inability to handle changes or pressures in a routine work setting because it was "based solely upon the subjective complaints of the claimant."[12] The ALJ found that Dr. Andrews's opinion was not supported by the objective evidence, which included evidence showing that medication appeared to successfully treat Wise's mental health conditions; that his primary issues were social stressors; and that he was consistently alert, fully oriented, well-groomed, cooperative, and calm with normal speech, goal-directed thought processes, intact memory, and fair judgment. In discussing Wise's subjective complaints, the ALJ also found Wise lacked credibility, in significant part because Wise's independent and varied daily living activities belied his claims of an inability to handle work-related activities. We conclude that Dr. Rohar's direct criticism of Dr. Andrews's opinion and the ALJ's discussion of the evidence in the record that implicitly supported Dr. Rohar's criticism provided a reasonable basis for the ALJ not to include a limitation in the RFC about Wise's inability to adapt to normal work pressures or changes.

Other aspects of Dr. Rohar's opinion do not compel inclusion of a limitation in the RFC on Wise's ability to adapt to changes in a routine work setting. In response to a

---

[11] *Id.*
[12] App. 62.

question on the RFC assessment about Wise's ability to respond to changes in the work setting, Dr. Rohar wrote Wise was "moderately limited."[13] But we have said that ALJs are not required to give any weight to these fill-in-the-blank and checklist portions of RFC assessments and that their focus instead should be on the narrative portions of the assessments where the medical experts expound on their opinions.[14] Dr. Rohar's ultimate RFC conclusion—that Wise's limitations did not prevent him from performing the basic mental demands of competitive work on a sustained basis—does not require a limitation about adapting to changes in a routine work setting and is therefore consistent with the ALJ's RFC findings omitting any such limitation. Still, the ALJ assigned Dr. Rohar's opinion "some weight," giving Wise "the benefit of the doubt" by further limiting Wise's contact with supervisors, coworkers, and the public.[15]

Wise correctly notes Dr. Rohar's opinion that Wise should be limited to "simple, routine, repetitive work in a stable environment," but Wise overstates Dr. Rohar's use of the word "stable." Nothing in the ALJ's RFC analysis indicates that he understood Dr. Rohar's recommendation of a "stable environment" to refer to a limitation on Wise's ability to adapt to changes in the work setting. In fact, Dr. Rohar used the word "stable" to describe Wise's concentration and persistence limitations and addressed Wise's

---

[13] App. 180.
[14] *See Smith*, 631 F.3d at 636; *see also* App. 179 ("The questions below help determine the individual's ability to perform sustained work activities. However, the actual mental residual functional capacity assessment is recorded in the narrative discussion(s) in the explanation text boxes.").
[15] App. 62.

adaptation limitations, including his ability to adapt to changes in the work setting, elsewhere on the RFC assessment form. Additionally, Dr. Rohar's assessment that Wise should be limited to "production oriented jobs requiring little independent decision making"[16] was accounted for in the ALJ's RFC findings limiting Wise to simple, routine, and repetitive tasks with no more than occasional interaction with any other people. This conclusion is reinforced by the vocational expert's testimony that a person with Wise's RFC could perform the production-oriented jobs of document preparer and ampoule sealer.

Accordingly, we conclude that substantial evidence supports the ALJ's RFC findings, and that the ALJ's hypothetical to the vocational expert conveyed all of Wise's credibly established limitations. Finally, because the ALJ credited the vocational expert's opinion that there were substantial jobs available in the national economy for someone with Wise's RFC, the ALJ's finding that Wise was not disabled is supported by substantial evidence.

IV.

For the foregoing reasons, we will affirm the order of the District Court.

---

[16] App. 180.