NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 14-4665
_____

CLAUDIA WINWARD,
                                        Appellant

v.

COMMISSIONER SOCIAL SECURITY
_____

On Appeal from United States District Court
for the District of Delaware
(D. DE. No. 1-09-cv-00034)
District Judge:  Honorable Sue L. Robinson
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
September 15, 2015

Before:  FISHER, CHAGARES and JORDAN, Circuit Judges

(Filed: November 10, 2015)
_____

OPINION[*]
_____

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

FISHER, Circuit Judge

Claudia Winward appeals the District Court's grant of summary judgment in favor of the Commissioner of Social Security affirming the Commissioner's denial of Winward's disability benefits. We will affirm.

I.

We write principally for the parties, who are familiar with the factual context and legal history of the case. Therefore, we will set forth only those facts that are necessary to our analysis.

In April 2006, Winward applied for Social Security Disability Insurance Benefits for the period of July 1, 2000, through March 31, 2003 (hereinafter "relevant time period"). Winward claimed that she suffered from depression and anxiety that limited her ability to work. Winward's application was denied, so she requested a hearing before an administrative law judge ("ALJ").

In order to determine whether Winward was disabled, the ALJ employed the Social Security Administration's five-part test.[1] Pertinent to this appeal, the ALJ

---

[1] 20 C.F.R. § 404.1520(a)(4)(i)-(v). The five-step process requires the ALJ to review:

> (1) the claimant's current work activity; (2) the medical severity and duration of the claimant's impairments; (3) whether the claimant's impairments meet or equal the requirements of an impairment listed in the regulations; (4) whether the claimant has the residual functional capacity to return to past relevant work; and (5) if the claimant cannot return to past relevant work, whether he or she can make an adjustment to other work in the national economy.

considered: treatment notes from the relevant time period from Dr. Zorach, Winward's treating physician; a check-the-box questionnaire completed by Dr. Zorach in 2007—four years after the relevant time period ended; Winward's own statements regarding her condition; and the opinions of two physicians, Dr. Simon and Dr. Abashidze, based on examinations conducted in 2009. The ALJ also employed a hypothetical question directed to a vocational expert in order to determine whether Winward had the residual functional capacity to perform jobs that exist in the national economy.

Following the hearing, the ALJ found that Winward (1) is not currently engaged in substantial gainful activity; (2) has severe impairments due to depression; (3) does not have a medical impairment that meets or is the medical equivalent of the listed impairments; (4) does not have the residual functional capacity to perform past relevant work; and (5) has the residual functional capacity to perform sedentary to light work in jobs that exist in significant numbers in the national economy. Thus, because she failed the final step, the ALJ concluded that Winward was not disabled and denied her application. Winward requested review of the ALJ's decision, which the Appeals Council denied, making it the Commissioner's final decision.

---

*Smith v. Comm'r of Soc. Sec.*, 631 F.3d 632, 634 (3d Cir. 2010) (internal quotation marks omitted). The claimaint bears the burden of proof at steps one through four; at step five, the burden shifts to the Commissioner. *Id.*

Winward sought review in the District Court, which granted the Commissioner's motion for summary judgment, holding that the ALJ's findings were supported by substantial evidence. Winward timely appealed.

## II.

The District Court had jurisdiction under 42 U.S.C. §§ 405(g) and 1383(c)(3). We have jurisdiction under 28 U.S.C. § 1291. We exercise plenary review over the Commissioner's legal conclusions and review the Commissioner's factual findings for substantial evidence, which is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."[2] In reviewing the evidence, we may not weigh the evidence or substitute our own view for that of the Commissioner.[3]

## III.

Winward presents two arguments on appeal: (1) the ALJ did not afford the proper weight to her treating physician's opinion; and (2) the ALJ's hypothetical question to the vocational expert did not reflect all of Winward's impairments.

### 1.

Winward first contends that the ALJ's decision is not supported by substantial evidence because the ALJ improperly weighed the opinions of Winward's physicians. Specifically, she argues that the ALJ should have afforded controlling weight to her

---

[2] *Chandler v. Comm'r of Soc. Sec.*, 667 F.3d 356, 359 (3d Cir. 2011) (quoting *Reefer v. Barnhart*, 326 F.3d 376, 379 (3d Cir. 2003)).

[3] *Rutherford v. Barnhart*, 399 F.3d 546, 552 (3d Cir. 2005).

4

treating physician, Dr. Zorach, and no weight to Dr. Simon, who observed Winward in 2009.

Where a treating physician's opinion is "well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence in [the record]," it will be given "controlling weight."[4] When presented with conflicting evidence, the ALJ "may choose whom to credit but 'cannot reject evidence for no reason or for the wrong reason.'"[5] An ALJ "may afford a treating physician's opinion more or less weight depending upon the extent to which supporting explanations are provided."[6]

The ALJ did not give controlling weight to Dr. Zorach's opinion, as expressed in the questionnaire, because it was "not well supported by medical signs and laboratory findings and [was] inconsistent with his detailed treatment records."[7] As the ALJ explained, Dr. Zorach's questionnaire conflicts, not only with the opinions of other experts, but also with his own opinion as expressed in his treatment notes from the relevant time period. These notes documented that Winward "performed some household chores and was working part-time as a floral designer and planning to start her own

---

[4] 20 C.F.R. § 404.1527(c)(2); *Fargnoli v. Massanari*, 247 F.3d 34, 43 (3d Cir. 2001).

[5] *Plummer v. Apfel*, 186 F.3d 422, 429 (3d Cir. 1999) (quoting *Mason v. Shalala*, 994 F.2d 1058, 1066 (3d Cir. 1993)).

[6] *Id.*

[7] App. at 12.

5

business."[8] Dr. Zorach's notes also reported that she experienced mild to moderate restrictions with respect to activities of daily living and her concentration, persistence, and pace and that Winward's condition was improving, as her depression and anxiety lessened with treatment.

In addition to Dr. Zorach's notes from the relevant time period, Dr. Zorach's questionnaire was also inconsistent with the evidence in the record. The ALJ considered the opinion of Dr. Simon, who personally examined Winward, and Winward's own statements regarding her abilities. Dr. Simon opined that Winward was "capable of managing benefits, making decisions, adapting to different circumstances … as well as exercising judgment, insight, and common sense."[9] These conclusions were based, in part, on Winward's own statements to Dr. Simon that she was able to perform chores, cook, and maintain relationships with others. Because Dr. Zorach's questionnaire conflicts with Winward's own statements, Dr. Simon's conclusions, and Dr. Zorach's treatment notes from the relevant time period, the ALJ was not required to give it controlling weight. The ALJ reasonably relied on the medical evidence in the record as a whole to determine that Winward was not disabled. Therefore, we conclude that the ALJ did not err in concluding that Dr. Zorach's questionnaire is not entitled to controlling weight.

2.

---

[8] App. at 9.
[9] App. at 12.

Winward next argues that the ALJ's hypothetical question to the vocational expert did not sufficiently include all of Winward's limitations. The vocational expert's answer to the hypothetical question provided a partial basis for the ALJ's determination that Winward had the residual functional capacity to perform a range of sedentary to light unskilled work for which there were a significant number of jobs in the national economy.

"[A] vocational expert or specialist may offer expert opinion testimony in response to a hypothetical question about whether a person with the physical and mental limitations imposed by the claimant's medical impairment(s) can meet the demands of the claimant's previous work."[10] The ALJ must accurately convey to the vocational expert all of the claimant's established limitations, but "[w]e do not require an ALJ to submit to the vocational expert every impairment *alleged* by a claimant."[11] Rather, the ALJ must convey only those impairments that are "medically established."[12] A hypothetical question that encompasses every credible limitation established by the record may be relied upon as substantial evidence supporting the ALJ's conclusion that an individual is not disabled.[13]

Although Winward claims that the hypothetical question omitted limitations in her social functioning and her ability to maintain a routine work schedule, those limitations

---

[10] 20 C.F.R. § 404.1560(b)(2).
[11] *Rutherford*, 399 F.3d at 554 (emphasis in original).
[12] *Smith*, 631 F.3d at 634 (quoting *Rutherford*, 399 F.3d at 554).
[13] *Plummer*, 186 F.3d at 431.

were not supported by the record. They were found only in Dr. Zorach's questionnaire opinion, and as explained above, the ALJ did not afford controlling weight to his opinion as stated in the questionnaire because it conflicted with his own treatment notes and the medical record as a whole. Because the limitations that Winward alleges should have been included in the hypothetical question were not "medically established," the ALJ was not required to include them in the hypothetical question. And because the hypothetical question set forth every credible limitation established by the record, it can be relied upon as substantial evidence supporting the ALJ's conclusion that Winward is not disabled.

We therefore conclude that substantial evidence supports the ALJ's findings and that the ALJ's hypothetical to the vocational expert conveyed all of Winward's medically established limitations.

IV.

For the foregoing reasons, we will affirm the order of the District Court.