NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 20-1094
_____

ALLISON R. ILLES,
Appellant

v.

COMMISSIONER SOCIAL SECURITY


On Appeal from the United States District Court
for the District of New Jersey
District Court No. 2-19-cv-04463
District Judge: The Honorable Susan D. Wigenton

Submitted Pursuant to Third Circuit L.A.R. 34.1(a)
September 21, 2020

Before: SMITH, *Chief Judge*, McKEE, and JORDAN, *Circuit Judges*

(Filed:  March 5, 2021)
_____

OPINION[*]
_____


SMITH, *Chief Judge.*

_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

In 2007, Allison R. Illes sustained a serious C2-C3 spinal cord injury after diving into a swimming pool. Her injury necessitated a C2-C3 anterior cervical discectomy and spinal fusion. The surgery was successful. Nonetheless, in October 2008, based on anxiety related disorders that developed after her accident, Illes applied for and was awarded disability benefits. In May 2013, she received notice of a determination that her disability ceased as of that month. Illes disagreed and pursued administrative review. Following a hearing, an Administrative Law Judge (ALJ) upheld the determination that Illes's disability had ended as of May 1, 2013.

Illes sought review by the Appeals Council. The Appeals Council vacated the hearing decision and remanded for further proceedings to determine whether Illes had become disabled at any time following the cessation of her disability on May 1, 2013. The Appeals Council also pointed out that the ALJ had failed to weigh the medical opinion of Illes's treating physician, Dr. Joseph Mejia, D.O. On remand, the ALJ again concluded that Illes's disability had ended on May 1, 2013 and further determined that she had not become disabled for any period of time thereafter. Illes sought judicial review before the District Court. After the District Court affirmed the Commissioner's decision, this timely appeal followed.[1]

---

[1] The District Court exercised jurisdiction under 28 U.S.C. § 1331 and 42 U.S.C. § 405(g). We exercise appellate jurisdiction under 28 U.S.C. § 1291 and 42 U.S.C. § 405(g).

Illes asserts that the Commissioner's decision is not supported by substantial evidence. She contends that the District Court improperly evaluated the medical evidence, erred by discounting the testimony of her father and sister regarding her ability to perform activities of daily living, failed to provide the vocational expert with an appropriate hypothetical, and erred in determining that she had the residual functional capacity to perform other work in the national economy. To prove her point that substantial evidence is lacking, Illes cites to numerous medical assessments and reports, as well as the testimony of her father and sister.

Our review of the Commissioner's final decision is "quite limited." *Rutherford v. Barnhart*, 399 F.3d 546, 552 (3d Cir. 2005). "[W]e must uphold a final agency determination unless we find that it is not supported by substantial evidence in the record." *Id.* Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (internal quotation marks and citation omitted). In conducting our review for substantial evidence, "we may not 'weigh the evidence or substitute [our own] conclusions for those of the fact-finder.'" *Rutherford*, 399 F.3d at 552 (quoting *Williams v. Sullivan*, 970 F.2d 1178, 1182 (3d Cir. 1992)). To the extent we are presented with any legal issues, we exercise plenary review. *Chandler v. Comm'r of Soc. Sec.*, 667 F.3d 356, 359 (3d Cir. 2011).

There is no dispute that Illes suffered a serious injury in 2007. Fortunately, that injury was not as devastating as it could have been. Illes continues to deal with several medical issues and has certain limitations that affect her ability to perform other work in the national economy. In Illes's view, the ALJ failed to accord the proper weight to the medical evidence and the testimony of her witnesses in determining that she was capable of other work. We are not persuaded. We have reviewed the extensive administrative record and scrutinized the ALJ's careful analysis of Illes's claim of continuing disability. We conclude that the ALJ appropriately considered all of the evidence, explained the contradictions in the evidence, and provided reasons for according more or less weight to the assessments of various medical practitioners and the testimony of Illes's father and sister. That is exactly what is required under our jurisprudence. *See Plummer v. Apfel*, 186 F.3d 422, 429 (3d Cir. 1999). Having carefully evaluated the record, we conclude that the ALJ provided a complete hypothetical to the vocational expert, incorporating Illes's non-exertional limitations. In sum, there is substantial evidence supporting the ALJ's decision and we will affirm the District Court's judgment.