NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 20-3160
_____

SHARON EVETTE GILBERT,
Appellant

v.

COMMISSIONER SOCIAL SECURITY
_____

On Appeal from the United States District Court
for the Western District of Pennsylvania
District Court No. 2-19-cv-01392
District Judge:  The Honorable Alan N. Bloch
_____

Submitted Under Third Circuit L.A.R. 34.1(a)
April 27, 2021

Before: SMITH, *Chief Judge*, PHIPPS, and ROTH, *Circuit Judges*

(Filed October 14, 2021)

_____

OPINION[*]
_____

_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

SMITH, *Chief Judge*.

Sharon Evette Gilbert appeals from an order of the District Court affirming the Commissioner of Social Security's final decision denying her application for supplemental security income benefits (SSI) under Title XVI of the Social Security Act. *See* 42 U.S.C. §§ 1381-1383. For the reasons set forth below, we will affirm the District Court's order.[1]

Gilbert alleged disability based on bilateral degenerative joint disease of the hips, bipolar disorder, and polysubstance abuse. The Administrative Law Judge (ALJ), applying the five-step sequential analysis set forth in 20 C.F.R. § 416.920, found that Gilbert was not disabled because she was able to perform other work existing in the national economy. Gilbert sought judicial review in the District Court, which concluded that the ALJ's decision was supported by substantial evidence. Gilbert appealed, asserting the same arguments that she pressed in the District Court, *i.e.*, that the ALJ erred at steps three and five of the sequential analysis.

---

[1] The District Court exercised jurisdiction under 42 U.S.C. §§ 405(g) and 1383(c)(3). We have jurisdiction under 28 U.S.C. § 1291 and 42 U.S.C. § 405(g). "Like the District Court, we must uphold a final agency determination unless we find that it is not supported by substantial evidence in the record." *Rutherford v. Barnhart*, 399 F.3d 546, 552 (3d Cir. 2005) (citing 42 U.S.C. § 405(g); *Plummer v. Apfel,* 186 F.3d 422, 427 (3d Cir. 1999)). Under this standard, "a court looks to an existing administrative record and asks whether it contains 'sufficien[t] evidence' to support the agency's factual determinations." *Biestek v. Berryhill*, 139 S. Ct. 1148, 1154 (2019) (citation omitted). As the Supreme Court noted in *Biestek*, "the threshold for such evidentiary sufficiency is not high," "and means only— such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Id.* (internal quotation marks and citation omitted). We review the Commissioner's legal conclusions de novo. *See Chandler v. Comm'r of Soc. Sec.*, 667 F.3d 356, 359 (3d Cir. 2011).

Step three in the sequential analysis considers whether an applicant's medical impairment meets or equals the criteria of one of the listed impairments in Appendix 1 of the regulations,[2] as well as satisfying the duration requirement. 20 C.F.R. §§ 416.920(a)(4)(iii), 416.905(a) (specifying that the impairment "has lasted or can be expected to last for a continuous period of not less than 12 months"). If an applicant satisfies the criteria of a listed impairment, then she is found to be "*per se* disabled and no further analysis is necessary." *Burnett v. Comm'r of Soc. Sec.*, 220 F.3d 112, 119 (3d Cir. 2000); 20 C.F.R. § 416.920(a)(4)(iii). Gilbert contends that the ALJ erred at step three by finding that her bilateral degenerative hip disease did not satisfy the criteria listed in § 1.02A for major dysfunction of a joint, and that her mental impairments failed to satisfy the criteria listed in § 12.04 for depressive, bipolar and related disorders. *See* 20 C.F.R. Part 404, Subpart P, Appendix 1, §§ 1.02A and 12.04. We are not persuaded.

Our review of the administrative record shows that there is substantial evidence to support the ALJ's finding that Gilbert's impairments do not satisfy the criteria for the listed impairments. Gilbert provides no evidence establishing that her hip impairment required the use of a hand-held assistive device that limited the functioning of both arms for more than a month following her May 7, 2018 surgery. *See* 20 C.F.R. Part 404, Subpart P, Appendix 1, § 1.02A (incorporating § 1.00B2b). Without such evidence, Gilbert is not per se disabled under listing § 1.02A. And Gilbert's most recent mental health records

---

[2] *See* 20 C.F.R. Part 404, Subpart P, Appendix 1.

establish that the limitations she has are not of the severity needed to meet or equal listing § 12.04.

At step five, the ALJ found that Gilbert was not disabled because she had the residual functional capacity to perform other work in the national economy, specifically the full range of sedentary unskilled work. Gilbert challenges this finding, arguing that the ALJ erred by failing to ask the vocational expert, who appeared at the hearing, any hypotheticals pertaining to her ability to perform other work in the national economy. In addition, Gilbert asserts that the ALJ failed to incorporate all of the limitations arising from her hip condition, specifically citing her testimony concerning her need for a cane, surgery on the right hip, pain, and an inability to sit and stand. And she refers generally to four marked limitations noted in an earlier mental health assessment.

This argument lacks merit. Gilbert's reliance upon four marked limitations in her mental health assessment is misplaced in light of her subsequent improvement as documented by the mental health assessments performed in July 2018. With regard to her physical limitations, we conclude that the ALJ permissibly discounted Gilbert's testimony concerning her physical limitations. The ALJ appropriately explained that she did not fully credit Gilbert's statements about the intensity, persistence and limiting effects of her bilateral hip impairment given their inconsistency with the medical evidence of record. *See* 20 C.F.R. § 416.929(c); *Plummer*, 186 F.3d at 429 ("The ALJ must consider all the evidence and give some reason for discounting the evidence she rejects."). Because the

4

Grid Rules[3] were applicable, *Sykes v. Apfel*, 228 F.3d 259, 269 (3d Cir. 2000), the ALJ permissibly determined that there was no need to pose any hypotheticals to the vocational expert.

In sum, we conclude that there is substantial evidence to support the ALJ's decision that Gilbert is not disabled. We will affirm the District Court's order.

---

[3] *See* 20 C.F.R. Part 404, Subpart P, Appendix 2, § 200.00(e)(2).