**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 20-3017
_____

ANTHONY IACOUZZI,
                                        Appellant
v.

COMMISSIONER SOCIAL SECURITY
_____

On Appeal from the United States District Court
for the District of New Jersey
(D.C. No. 3:17-cv-08897)
District Judge: Honorable Anne E. Thompson
_____

Submitted Under Third Circuit L.A.R. 34.1(a)
on October 1, 2021.

Before: AMBRO, KRAUSE, and BIBAS, *Circuit Judges*

(Filed: November 4, 2021)
_____

**OPINION**[*]
_____

BIBAS, *Circuit Judge*.

Not all those in pain count as disabled. Anthony Iacouzzi does not, even though his

neck is painful and less mobile. So an administrative law judge denied him disability

_____

[*] This disposition is not an opinion of the full Court and, under I.O.P. 5.7, is not binding
precedent.

benefits. Because substantial evidence supports that finding and a remand would be futile, we will affirm.

## I. BACKGROUND

Iacouzzi was an ironworker, carrying steel around building sites all day long. One day, he fell on the job, hurting his neck and shoulder. For years afterward, he endured surgeries, injections, and physical therapy. Even so, he still suffers pain and is less mobile, which he says keep him from working.

So Iacouzzi applied for Social Security disability benefits. But an administrative law judge denied his application. The judge found that, even though Iacouzzi could no longer work as an ironworker, he could do sedentary jobs. The Appeals Council declined review and the District Court affirmed. Iacouzzi now appeals. We review the administrative law judge's decision to ensure that it is supported by substantial evidence. *Biestek v. Berryhill*, 139 S. Ct. 1148, 1154 (2019).

## II. SUBSTANTIAL EVIDENCE SUPPORTS THE DENIAL OF BENEFITS

To get disability benefits, Iacouzzi must be disabled: that is, unable to work due to a "medically determinable … impairment." 20 C.F.R. § 404.1505(a). And to decide whether he is disabled, we look to a five-step test.

- Is Iacouzzi doing substantial work?

- If not, are his impairments severe?

- If so, do any of his impairments match one on the government's list?

- If not, can he still do his previous jobs?

- If not, can he do other widely available work?

*See id.* § 404.1520(a).

Iacouzzi climbed all but step five. At step two, the judge found that he suffered from a severe spinal disorder, degenerative joint disease, carpal tunnel syndrome, and a sore elbow (epicondylitis), but not severe anxiety or depression. Yet at step five, the judge held that he could do sedentary jobs with breaks to stretch and rest. Iacouzzi challenges both findings. At step two, he says that his mental illnesses were also severe. And at step five, he adds, the judge should not have relied on bad evidence and discredited his complaints of pain. But none of these claims justify reversal.

**A. At step two, Iacouzzi did not prove that his mental illnesses were severe**

Iacouzzi argues that his anxiety and depression were severe enough to "limit [his] physical or mental ability to do basic work." 20 C.F.R. § 404.1522(a). But he did not carry his burden of proving severity. *Podedworny v. Harris*, 745 F.2d 210, 217 (3d Cir. 1984). The record contains only one report on his mental health. It shows that Iacouzzi was diagnosed with "anxious depression" brought on by his "medical condition and concern about his future." AR 617. And it notes that his condition could be treated by "antidepressant medication." *Id.* But the judge properly gave this lone report, written as part of a worker's-compensation evaluation, little weight. 20 C.F.R. § 404.1527(c). The record is otherwise silent about the effect of Iacouzzi's anxiety and depression on his ability to work. So Iacouzzi's claim that his mental impairments "may have had an impact" on his ability to work is not enough. Iacouzzi's Br. 24.

**B. Any step five error was harmless**

Next, Iacouzzi challenges the judge's finding that he can still work. He argues that the judge should not have discredited his pain or relied on certain evidence. We disagree.

*1. The pain complaints.* When a claimant says he is in too much pain to work, he must first show that he has a medical condition that could "reasonably be expected" to cause his symptoms. 20 C.F.R. § 404.1529(b). If he does that, the judge will then evaluate the "intensity and persistence" of those symptoms and how they affect him. § 404.1529(c). Though the judge must review the claimant's statements, the judge need not "credit" them. *Chandler v. Comm'r of Soc. Sec.*, 667 F.3d 356, 363 (3d Cir. 2011). And where (as here) the judge solicits the claimant's live testimony, we normally defer to the judge's credibility finding. *Reefer v. Barnhart*, 326 F.3d 376, 380 (3d Cir. 2003).

The judge did not fully credit Iacouzzi's testimony. Iacouzzi challenges that finding. Because of his pain, he says, he cannot extend his arms, lift more than three pounds, or stand for more than fifteen minutes. He spends "all day long" in a recliner and struggles to sleep. AR 52. Yet, he charges, the judge "made no mention of multiple diagnostic MRIs, EMGs, and medical examinations" that confirm his testimony. Iacouzzi's Br. 26−27.

Iacouzzi does not undercut the judge's credibility finding. For one, multiple medical reports cleared him for work with some restrictions. The only report to the contrary was conclusory and applied a different definition of disability. AR 28; 20 C.F.R. § 404.1527(d). Indeed, Iacouzzi's doctors told him to stay active and "avoid bed rest." AR 653, 667. The judge reviewed these reports in detail and weighed them against Iacouzzi's testimony. Plus,

4

the record shows that his pain-management program is effective. So Iacouzzi's challenge fails.

*2. The medical reports.* The judge relied in part on four medical reports that cleared Iacouzzi to work as long as he did not have to move much or lift. He says these reports are "stale" and do not reflect his deteriorating condition. Iacouzzi's Br. 22. But a judge must consider all medical opinions in the record for the claim period. 20 C.F.R. § 404.1527(b), (c). And the judge included plenty of later evidence too.

*3. The neck-rotation statement.* After consulting a vocational expert, the judge posited that Iacouzzi could turn his neck up to forty-five degrees. But his neck was much less mobile than that until nearly the end of the claim period.

Though that statement was an error, it was harmless. The judge's decision that work was available did not turn on neck mobility. The vocational expert never referred to neck movement until asked and said that the jobs would not require him to turn his neck. To be safe, though, he lowered his job estimate. Despite Iacouzzi's stiff neck, there was work that he could do. Because the judge's error did not affect the outcome, we need not remand. *Rutherford v. Barnhart*, 399 F.3d 546, 553 (3d Cir. 2005).

\* \* \* \* \*

Iacouzzi still suffers the effects of his serious work injury. Though he cannot return to ironworking, the administrative judge found that he could do several sedentary jobs. Because substantial evidence supports that finding, we will affirm.

5