**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 17-2365

_____

DAVID BERNARD HUBERT,
Appellant

v.

COMMISSIONER SOCIAL SECURITY

_____

On Appeal from the United States District Court
for the District of New Jersey
(D.N.J. No. 3-16-cv-02252)
District Judge: Hon. Freda L. Wolfson

_____

Submitted Under Third Circuit L.A.R. 34.1(a)
on September 5, 2018

Before:  HARDIMAN, KRAUSE, and BIBAS, *Circuit Judges*

(Opinion filed: September 7, 2018)

_____

OPINION[*]

_____

KRAUSE, *Circuit Judge*.

David Hubert appeals the District Court's judgment affirming the Commissioner

of Social Security's denial of his claim for disability insurance benefits under Title II of

_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

the Social Security Act, 42 U.S.C. §§ 401–434. For the reasons set forth below, we will affirm.

## I.    Background

Hubert is 50 years old and previously worked as a stockbroker, day trader, personnel recruiter, and occasional basketball referee. He allegedly suffered a head injury playing basketball in 1993, which caused him to lose his sense of smell but did not prevent him from working, and he sustained a second head injury in a fight in May 2010, which triggered migraine headaches and memory losses and made him prone to emotional outbursts. In April, 2011, Hubert stopped working because of these problems.

Soon after, Hubert began treatment with a psychologist, Dr. Batlas, who noted symptoms consistent with post-traumatic stress disorder, including anxiety and depression, and a psychiatrist, Dr. Harris, who diagnosed him with post-concussive syndrome and found that he had moderate functional difficulties. Following these diagnoses, Hubert applied for disability insurance, alleging a disability onset date of April 1, 2011, but the Social Security Administration denied his claim both initially and on reconsideration. Hubert then sought a hearing before an Administrative Law Judge (ALJ).

At the request of the Social Security Administration, Hubert was examined by a psychologist, Dr. Miller, who found that he tended to lose track of his thoughts but that he could follow directions, and could perform daily hygiene tasks without difficulty. Dr. Miller concluded that Hubert had "serious/borderline moderate functional difficulties." App. 54. A state agency psychologist, Dr. Castillo-Velez, also reviewed Hubert's

2

records, and found that he could carry out simple instructions but that he had moderate limitations with carrying out detailed instructions and with concentrating for extended periods of time. A state agency psychiatrist, Dr. Yared, agreed with Dr. Castillo-Velez's findings.

The ALJ found that this evidence was inconsistent and that she therefore had to determine which medical opinions were best supported by the record. The ALJ assigned great weight to Dr. Harris's opinion that Hubert had moderate functional difficulties, but little weight to Dr. Harris's opinion that Hubert had "marked limitations" with "work-like procedures," App. 54, because Hubert stated that he could perform many daily tasks on his own, which the ALJ decided "reveals, at most, moderate difficulties with work-related tasks," App. 56. The ALJ likewise gave little weight to the portion of Dr. Miller's opinion that was inconsistent with Hubert's daily activities, but assigned great weight to Dr. Castillo-Velez's and Dr. Yared's opinions that Hubert "could perform simple tasks," because those opinions were "consistent with the objective medical evidence and the claimant's broad range of daily activities." App. 55.

Based on this evidence, the ALJ found that Hubert failed at step five of the five-step disability determination process, 20 C.F.R. § 404.1520(a)(4)(i)-(v), which requires that the claimant must not be able to perform work that exists in the national economy, *see Schaudeck v. Comm'r of Soc. Sec.*, 181 F.3d 429, 432 (3d Cir. 1999). In particular, the ALJ relied on testimony from a vocational expert (VE) to find that Hubert could perform three jobs that exist in significant numbers in the national economy: chair assembler, inspector, and inserter. The ALJ therefore found that Hubert was not disabled

3

at any time from his alleged onset date through March 31, 2012, the date he was last insured.

Hubert appealed the ALJ's decision to the Appeals Council, purporting to present new evidence. But while the Appeals Council did correct the date that Hubert was last insured to March 31, 2013, it found that this change did not alter the determination that Hubert was not disabled between his alleged onset date and the date he was last insured, and it also found that his new evidence simply repeated old evidence. The Appeals Council therefore adopted the ALJ's findings and conclusions. Hubert then filed a timely action in the District Court, which affirmed the Commissioner's decision. Hubert now appeals.

## II.    Jurisdiction and Standard of Review

The District Court had jurisdiction pursuant to 42 U.S.C. § 405(g), and we have jurisdiction under 28 U.S.C. § 1291.

We exercise plenary review over all legal issues, *Krysztoforski v. Chater*, 55 F.3d 857, 858 (3d Cir. 1995), but we must accept the ALJ's factual findings if supported by substantial evidence, *Hagans v. Comm'r of Soc. Sec.*, 694 F.3d 287, 292 (3d Cir. 2012). Substantial evidence is "'more than a mere scintilla'; it means 'such relevant evidence as a reasonable mind might accept as adequate.'" *Burnett v. Comm'r of Soc. Sec.*, 220 F.3d 112, 118 (3d Cir. 2000) (quoting *Plummer v. Apfel*, 186 F.3d 422, 427 (3d Cir. 1999)).

## III.    Discussion

Hubert raises two arguments to support his contention that the ALJ's disability determination was not based on substantial evidence. Neither is persuasive.

4

First, Hubert contends that the ALJ did not assign enough weight to the opinions of his treating psychiatrist, Dr. Harris, and his evaluating psychologist, Dr. Miller. We disagree. A treating source's opinion is not entitled to controlling weight if it is "inconsistent with the other substantial evidence in [the] case record." 20 C.F.R. § 404.1527(c)(2). Here, the ALJ discounted Dr. Harris's opinion that Hubert could not sustain any work, because it was contradicted by Hubert's daily activities, by the opinions of Dr. Castillo-Velez and Dr. Yared that Hubert could perform simple tasks, and by Dr. Harris's own conclusion that Hubert "had only moderate difficulties with simple tasks," to which the ALJ assigned great weight. Presented with such contradictory evidence, the ALJ was entitled to consider the complete medical record and to assign different weight to conflicting opinions. *See Morales v. Apfel*, 225 F.3d 310, 317 (3d Cir. 2000) ("Where . . . the opinion of a treating physician conflicts with that of a non-treating, non-examining physician, the ALJ may choose whom to credit[.]"). As to the weight it accorded to Dr. Miller's opinion, the ALJ considered Dr. Miller's examination at length, and discounted part of it because it was inconsistent with Hubert's daily activities. Again, the ALJ was entitled to make precisely this kind of decision when presented with inconsistent evidence.[1] *Morales*, 225 F.3d at 317.

---

[1] While Appellee asserts that Hubert waived any argument concerning the weight accorded Dr. Miller's testimony by failing to raise it in the District Court, we take Hubert's contention that the ALJ "failed to properly weigh the medical evidence" and ignored "rules that generally give deference to medical opinions from treating specialists," Dist. Ct. Dkt. Entry 8 at 15-16, as fairly encompassing that argument.

Second, Hubert argues that the ALJ wrongly relied on the VE's testimony because the VE was not given a proper hypothetical about Hubert's work abilities and the VE's testimony was inconsistent with the Dictionary of Occupational Titles (DOT). Appellee correctly points out that Hubert did not raise this argument in the District Court, and it therefore is waived for purposes of this appeal.[2]

## IV. Conclusion

For the reasons stated above, we will affirm the judgment of the District Court.

---

[2] As "[t]his Court has discretionary power to address issues that have been waived" and "we have been reluctant to apply the waiver doctrine when only an issue of law is raised," *Huber v. Taylor*, 469 F.3d 67, 74–75 (3d Cir. 2006) (internal citation and quotation omitted), we note that this argument would fail on the merits in any event. In posing a hypothetical to the VE that stipulated that Hubert could be "off-task 5% of the workday," App. 49, the ALJ was entitled to make an administrative finding about what functional abilities Hubert still possessed, *see Chandler v. Comm'r of Soc. Sec.*, 667 F.3d 356, 361 (3d Cir. 2011), and she did so after weighing Dr. Castillo-Velez's and Dr. Yared's opinions that Hubert could perform simple tasks, and the evidence that Hubert had "some memory/concentration difficulties," App. 57. Nor do we see merit in Hubert's arguments that it was improper for the VE to base his testimony about the pace of production and production quotas for jobs that Hubert could perform on his "professional opinion" and interactions with "professional personnel in the occupational fields," AR67, or that the VE's testimony as not "consistent with the occupational information supplied by the DOT," as required by SSR 00-4p (Dec. 4, 2000). "Evidence from VEs . . . can include information not listed in the DOT," *id.*, and there is no inconsistency with the DOT because its descriptions of the jobs of chair assembler, DICOT 709.684-014 (G.P.O.), inspector, DICOT 559.687-074 (G.P.O.), and inserter, DICOT 794.687-058 (G.P.O.), speak neither to production quotas nor pace of production.