NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 18-1654
_____

MICHAEL SCOTT TRACEY,

Appellant

v.

COMMISSIONER SOCIAL SECURITY
_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Civ. No. 3-17-cv-00470)
Honorable Malachy E. Mannion, District Judge
_____

Submitted under Third Circuit L.A.R. 34.1(a)
October 22, 2018

BEFORE:  KRAUSE, COWEN, and FUENTES, <u>Circuit</u> <u>Judges</u>

(Filed: January 22, 2019)
_____

OPINION*
_____

_____

* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7
does not constitute binding precedent.

COWEN, Circuit Judge.

Michael S. Tracey appeals from the order of the United States District Court for the Middle District of Pennsylvania adopting the report and recommendation of the Magistrate Judge, denying Tracey's appeal from the decision of the Commissioner of Social Security ("Commissioner"), and affirming the Commissioner's decision. We will affirm.

I.

Tracey filed for disability insurance benefits and supplemental security income. After his claim was initially denied, an Administrative Law Judge ("ALJ") conducted an evidentiary hearing. He found that Tracey was not disabled under the Social Security Act. Specifically, the ALJ determined that Tracey possessed the residual functional capacity ("RFC") to perform light work with the following exceptions:

> [O]ccasional stoop, kneel, crouch, crawl and climb stairs; must avoid hazards such as unprotected heights; and can perform occasional handling and fingering with the dominant right upper extremity. The claimant can understand, remember and carry out simple work related instructions, is limited to exercising only simple work related judgments, requires no more than occasional changes to the routine work setting, and can perform only occasional interactions with the public, coworkers and supervisors.

(A66 (emphasis omitted).) Finding that Tracey was unable to perform his past relevant work, the ALJ determined that "[c]onsidering the claimant's age, education, work experience, and residual functional capacity, there are jobs that exist in significant numbers in the national economy that the claimant can perform." (A71 (emphasis omitted) (citations omitted).) "The vocational expert testified that given all of these factors the individual would be able to perform the requirements of representative

2

occupations such as a conveyor line bakery worker, DOT#524.687-022 (88,000 jobs in

the national economy), an egg candler, DOT#529.687-074 (98,000 jobs in the national

economy) and a car[d]ing machine operator, DOT#681.685-030 (130,000 jobs in the

national economy)." (A71.) The ALJ further determined "that the vocational expert's

testimony [was] consistent with the information contained in the Dictionary of

Occupational Titles." (Id.)

After his administrative appeal was denied, Tracey filed a complaint with the

District Court. In a report and recommendation, the Magistrate Judge recommended that

the Commissioner's final decision be affirmed and that Tracey's requests for relief be

denied. The Magistrate Judge explained that, "[a]s defined [in the Dictionary of

Occupational Titles ("DOT"), which includes the companion publication the Selected

Characteristics of Occupations Defined in the Revised Dictionary of Occupational Titles

('SCO')], the job [of conveyor line bakery worker] is capable of performance by

someone with Mr. Tracey's RFC limitation." Tracey v. Berryhill, Civil No. 3:17-cv-

00470, 2018 WL 1100392, at *6 (M.D. Pa. Feb. 5, 2018) (Saporito, U.S.M.J.) ("Tracey

I"). Accordingly, any error regarding the other two jobs identified by the ALJ would be

harmless. See id. at *7-*8.

Tracey filed objections to the Magistrate Judge's report and recommendation. The

District Court overruled his objections and adopted the report and recommendation:

"The court finds that Judge Saporito correctly found that the ALJ did not err in finding

that plaintiff could perform the job of conveyor line bakery worker based on plaintiff's

RFC finding that he was limited in the amount of handling and fingering with his upper

3

right extremity and, based on the [DOT] description of that job." Tracey v. Berryhill, Civil No. 3:17-cv-00470, 2018 WL 1096430, at *3 (M.D. Pa. Feb. 28, 2018). "The DOT states that the job of bakery worker requires occasional handling and no fingering and, this is within the plaintiff's RFC limitations." Id. Accordingly, the District Court denied Tracey's appeal from the Commissioner's decision and affirmed the administrative ruling.

## II.

It is undisputed that, in this case, the ALJ had to assess whether, considering Tracey's age, education, work experience, and RFC, he was able to perform other work that exists in significant numbers in the national economy.[1] See, e.g., 20 C.F.R. §§ 404.1520(a)(4)(v), 404.1560(c). The RFC is defined as "'that which an individual is still able to do despite the limitations caused by his or her impairment(s).'" Burnett v. Comm'r of Soc. Sec., 220 F.3d 112, 121 (3d Cir. 2000) (quoting Hartranft v. Apfel, 181 F.3d 358, 359 n.1 (3d Cir. 1999)). "ALJs rely primarily on the [DOT] (including its companion publication the [SCO]). SSR 00-4p, 2000 WL 1898704 at *2. ALJs also often rely on testimony by VEs [vocational experts] retained by the Social Security Administration." Tracey I, 2018 WL 1100392, at *5. Tracey argues that the Magistrate Judge improperly denied his claim "based solely on the premise that Mr. Tracey could perform the job of a conveyor line bakery worker on a full-time, sustained basis if he was

---

[1] The District Court had subject matter jurisdiction pursuant to 42 U.S.C. § 405(g), and we have appellate jurisdiction under 28 U.S.C. § 1291. Like the District Court, we review the Commissioner's factual findings under a substantial evidence standard. See, e.g., Chandler v. Comm'r of Soc. Sec., 667 F.3d 356, 359 (3d Cir. 2011).

only able to perform the <u>visual</u> aspects of the position." (Appellant's Brief at 7.) Purportedly, "there is simply no evidence of record to support the Commissioner's position that an individual can work on a full-time sustained basis as a conveyor line bakery worker without using their dominant upper extremity on more than an occasional basis." (<u>Id.</u> at 13.) According to Tracey, the ALJ and the Magistrate Judge misread the DOT narrative definition or description of this job and overlooked the general description of light work. Tracey also contends that "[t]he discussion between the ALJ and the vocational expert as to Mr. Tracey's ability to <u>mentally</u> perform the duties of a conveyor line bakery worker is equivocal as to whether the position is within the ALJ's mental RFC assessment of Mr. Tracey," the DOT's job description is silent on this mental capacity issue, and the Magistrate Judge failed to address his mental limitations. (<u>Id.</u> at 7.) Finally, he asserts that the ALJ failed to clarify the apparent conflicts between the DOT and the vocational expert's testimony and that neither the ALJ nor the vocational expert relied on anything other than the DOT's narrative description of the job.

We conclude that the ALJ's finding that Tracey could perform the job of conveyor line bakery worker was supported by substantial evidence. The vocational expert specifically indicated that a hypothetical individual—who, inter alia, is limited to "only occasional handling and fingering with dominant right upper extremity" and "can understand, remember, and carry out simple work relate[d] judgments, can exercise only simple work related judgments, limited to no more than occasional interactions with members of the public, coworkers, and supervisors" (A93)—could perform the occupation of conveyor line bakery worker. According to the expert, "one example

5

would be conveyor line bakery worker, DOT number 524.687-022." (A94.) "The [DOT narrative] definition begins with the qualifier, 'Performs *any combination* of following tasks in preparation of cakes along conveyor line….'" Tracey I, 2018 WL 1100392, at *6 (citation omitted). As the Magistrate Judge explained, there are elements of the job that would not require more than occasional use of Tracey's upper right extremity, e.g., "Reads production schedule or receives instructions regarding bakery products that require filling and icing," and "Notifies supervisor of malfunctions." DOT #524.687-022, 1991 WL 674401. The SCO (the DOT's "companion" publication) states that the job requires "Handling: Occasionally—Exists up to 1/3 of the time" and "Fingering: Not Present—Activity or condition does not exist." Id. Regarding the issue of mental capacity, it appears undisputed that "[t]he DOT assigns the Conveyor Line Bakery Worker occupation the lowest rating in the 'people' category [i.e., the '8' in the '687' occupation code], defined as 'Taking Instructions-Helping.'" (Appellee's Brief at 16 (footnote omitted).) The ALJ's hypothetical question also incorporated Tracey's mental limitation, and the vocational expert identified conveyor line bakery worker as an appropriate occupation.

III.

For the foregoing reasons, we will affirm the order of the District Court.

6