**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 20-1884
_____

ANDREA CHIN MESSINA,
Appellant

v.

COMMISSIONER OF SOCIAL SECURITY
_____

On Appeal from the United States District Court
for the District of New Jersey
(D.C. Civil Action No. 2-17-cv-02315)
Magistrate Judge:  Honorable Paul A. Zoss (by consent)
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
February 2, 2021
Before:  JORDAN, MATEY, and NYGAARD, <u>Circuit</u> <u>Judges</u>

(Opinion filed: February 8, 2021)
_____

OPINION*
_____

PER CURIAM

   Andrea Chin Messina appeals from the order of the United States District Court

for the District of New Jersey upholding the Commissioner of Social Security's denial of

disability insurance benefits.  For the following reasons, we will affirm.

_____

* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not

In 2012, Messina applied for disability insurance benefits, alleging a disability onset date of July 30, 2002, at age 31. She based her claim on a back injury, irritable bowel syndrome (IBS), headaches, and mental health issues. On initial review and on reconsideration, the agency denied Messina's application. Through counsel, Messina presented her claims to an Administrative Law Judge (ALJ).

In support of her claim, Messina provided medical records—including 2007 and 2008 imaging reports, Dr. Spielman's notes concerning Messina's degenerative disc disease and March 2008 back surgery, and Dr. Spielman's notes indicating that Messina was doing well during the 18-month follow-up period. For example, Messina had told Dr. Spielman that at six weeks, she had performed some yard work, including moving large stones; at 18 months, Dr. Spielman noted that Messina's x-rays showed satisfactory hardware position, and that the fusion appeared solid. In 2012, however, Dr. Spielman expressed concern over Messina's worsening symptoms. Messina's medical records also include Dr. Dover's notes from 2013-2014 regarding Messina's migraine headaches, which had occurred as often as every other day but by September 2014 had decreased enough to allow her to function. Further, the administrative record contains Messina's 2012 Function Report. Among other things, Messina reported that she attends to household chores, with some assistance (laundry, food shopping, bills, meal preparation, mowing the lawn on a tractor), childcare duties (helping her children get dressed, taking them shopping, putting them to bed), and hobbies (recreational shopping, visiting with

---

constitute binding precedent.

friends, photography).  Messina also reported that she has difficulty sleeping and challenges with concentration, motivation, and anxiety; at times she goes for days without getting dressed and forgets her medication.

In 2015, the ALJ held a hearing on Messina's application.  Messina testified that she tore a disc in her back on December 15, 2001, while handling luggage as a Continental Airlines airport sales agent.  For a few months in 2002, Messina worked "light duty" but she had to use the bathroom frequently; she stopped working when her job was administratively terminated.  Messina described her severe back pain, migraine headaches, pain from IBS with constipation, and difficulties with household chores and childcare for her three children (including a then-newborn and then-14-month old).  She stated that she became depressed shortly after her workplace injury, and she was prescribed Cymbalta in 2005 or 2006, which helped her.  As of the 2015 hearing, Messina stated that she had anxiety attacks once or twice a week and stayed in bed from depression several times per month.  A vocational expert testified concerning Messina's past work in the light exertional range; the preclusion of her past work due to her pain, depression, and need for unrestricted access to a toilet; and the numbers of jobs in the national economy for work in the sedentary range, assuming certain scenarios of Messina's residual functional capacity.

The ALJ found that although Messina had a severe back injury during the relevant period, Messina was not disabled.  The ALJ denied her application, and the Social Security Appeals Council denied her request for review.  Through counsel, Messina

pursued judicial review under 42 U.S.C. § 405(g). The District Court[1] affirmed the Commissioner's denial of disability benefits for the relevant period.[2] Messina's pro se appeal followed.

We have jurisdiction under 28 U.S.C. § 1291. We exercise plenary review over any legal conclusions by the agency but review the ALJ's factual findings to determine whether they are supported by substantial evidence. See Allen v. Barnhart, 417 F.3d 396, 398 (3d Cir. 2005). In this context, "substantial evidence" does not refer to the quantity of evidence. Instead, it refers to sufficient evidence. See Biestek v. Berryhill, 139 S. Ct. 1148, 1154 (2019) ("whatever the meaning of 'substantial' in other contexts, the threshold for such evidentiary sufficiency is not high."). In other words, it means "more than a mere scintilla," requiring only "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." See id. (citations and internal quotations omitted).

The term "disability" means an inability to engage in any substantial gainful activity due to a medically determinable physical or mental impairment of sufficient duration. 42 U.S.C. § 423(d)(1)(A); 20 C.F.R. § 404.1505(a). The ALJ evaluated Messina's application under the five-step sequential inquiry, see 20 C.F.R. § 404.1520(a),

---

[1] The parties consented under 28 U.S.C. § 636(c) to having a Magistrate Judge conduct the proceedings and enter judgment.

[2] The District Court found that the ALJ reopened Messina's prior application filed in 2008, rejecting the Commissioner's res judicata argument. The Commissioner does not raise this issue on appeal, and we need not address it further.

4

for determining whether she became disabled before December 31, 2007, the date she was last insured for disability benefits based on her earnings record. The ALJ determined that (1) Messina had not engaged in substantial gainful activity since the alleged onset date through December 31, 2007; (2) Messina had severe physical impairments (disorder of the back, IBS, and headaches) but no severe mental impairment, as there were no medical reports addressing that issue; (3) none of Messina's impairments met or equaled the severity of a presumptively disabling impairment under the regulations; (4) Messina was unable to perform past work as a ticket agent but had residual functional capacity to perform sedentary work, with non-exertional limitations; and (5) at least three jobs (addresser, document preparer, and final assembler) existed in significant numbers in the national economy and could be performed by a person with Messina's age,[3] education, work experience, and residual functional capacity for sedentary work. The ALJ concluded that Messina was not disabled for the relevant period under consideration.

Messina argued to the District Court that the ALJ's residual functional capacity assessment is not supported by substantial evidence, that the ALJ improperly discounted some of Messina's testimony for credibility reasons, and that the ALJ failed to ask whether the vocational expert's testimony conflicted with the Dictionary of Occupational Titles concerning bathroom breaks. The District Court considered the arguments against the administrative record and determined that the ALJ's decision was supported by

---

[3] Messina was age 31 on July 30, 2002 (the alleged disability onset date) and age 36 on December 31, 2007 (the date last insured).

5

substantial evidence. Having reviewed the administrative record, we agree, largely for the reasons given in the District Court's thorough opinion.

We briefly discuss several of Messina's contentions on appeal concerning the ALJ's decision. Messina acknowledges the lack of evidence in the record concerning mental health treatment to establish disabling mental impairments, but she emphasizes the ALJ findings of "severe" physical impairments precluding her ability to function at full capacity. Messina provides details of her personal circumstances, such as the timing of her decision to have children, the help she receives from family members, and her history of depression and anxiety. She disputes the finding that she has the residual functional capacity to perform sedentary work, and she provides explanations concerning the ALJ's determination. For example, Messina states that she can engage in shopping for up to two hours at a time, noting that she takes rest breaks and is exhausted by the effort, but she endures it because her husband spends too much money. She also explains that she can cook only simple meals for her family, and, although she takes care of her lawn and garden, she does so at her own pace. In effect, Messina asks us to apply more weight to evidence of her limitations and less weight to evidence of her abilities. Yet we cannot reweigh the evidence or make our own factual determinations. See Chandler v. Comm'r of Soc. Sec., 667 F.3d 356, 359 (3d Cir. 2011). We will uphold the decision if it is supported by substantial evidence in the record, even if we would have decided the factual inquiry differently. See Hartranft v. Apfel, 181 F.3d 358, 360 (3d Cir. 1999). Also, to the extent that Messina relies on facts not part of the administrative record, we

cannot consider them. See Jones v. Sullivan, 954 F.2d 125, 128 (3d Cir. 1991) (evidence not presented to the ALJ "cannot be used to argue that the ALJ's decision was not supported by substantial evidence").

We have considered all of Messina's arguments on appeal and conclude that they are unavailing. We will affirm the order of the District Court.