NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 20-3407
_____

ELIZABETH MC KEE,

Appellant

v.

COMMISSIONER SOCIAL SECURITY
_____

On Appeal from the United States District Court
for the District of New Jersey
(D.C. No. 2:18-cv-00191)
Magistrate Judge: Honorable Norah McCann King
_____

Submitted Under Third Circuit L.A.R. 34.1(a)
on July 9, 2021

Before: AMBRO, JORDAN, and BIBAS, *Circuit Judges*

(Filed: September 20, 2021)
_____

**OPINION**[*]
_____

_____

[*]  This disposition is not an opinion of the full Court and, under I.O.P. 5.7, is not binding precedent.

BIBAS, *Circuit Judge*.

Courts must not only check agencies' work, but also ask whether their mistakes mattered. Even when an agency blunders, a court need not remand if, as here, only one outcome is possible.

Elizabeth McKee applied for Social Security disability benefits because of her mental impairments. The administrative law judge denied her claim. Though his reasoning leaves much to be desired, he reached the only possible conclusion: she is not disabled under the Social Security Act. Thus, we will affirm.

## I. BACKGROUND

### A. Elizabeth McKee

McKee has overcome many challenges. She has autism and a learning disorder, so she enrolled in special-education classes. In tenth grade, her overall IQ was 65. She failed the driver's-license test repeatedly. And because social settings make her anxious, she was an "easy target" for unkind classmates. AR 432. But McKee did not let these obstacles stop her. In 2004, she graduated from high school with a special-education diploma. Her teachers praised her for "follow[ing] directions well and always work[ing] to the best of her ability." AR 431.

Around that time, McKee got a job stocking shelves at a drugstore. She has worked there for eighteen years. Even so, in 2014 she applied for disability benefits. That led to an administrative hearing and this appeal.

**B. The process for determining disability**

To be disabled under the Act, a person must have a "medically determinable physical or mental impairment" that prevents her from "engag[ing] in any substantially gainful activity." 42 U.S.C. §423(d). To decide whether someone is disabled, the Social Security Administration asks five questions, called "steps":

- Does the person engage in "substantial gainful activity"?

- If not, are her impairment(s) severe?

- If so, do her impairment(s) match one on the Social Security Administration's list?

- If not, do her impairment(s) prevent her from doing her previous relevant jobs?

- If so, can she work other suitable jobs in the national economy?

20 C.F.R. §404.1520(a)(4); 42 U.S.C. §423(d)(2)(A).

**C. The administrative law judge's ruling**

To see if McKee could climb those steps, an administrative law judge held a hearing. At step one, he ruled that she was not doing substantial work because she worked only part-time. At step two, he found that her autism, anxiety, and "intellectual disability" were severe. AR 17. At step four, he found that she had "no past relevant work" to which she could return. AR 25. That left steps three and five. If she won at either, she would get her benefits. But she lost at both.

At step three, McKee showed an IQ below 70 and that she was disabled before she was 22. But she also had to show one extreme or two marked deficiencies in her ability to: (1) understand, remember, or apply information; (2) interact with others; (3) concentrate,

3

persist, or keep pace; or (4) adapt or manage herself. 20 C.F.R. §404, Subpart P, App. 1, Listing 12.05(B). Though McKee is limited in each area, the judge found that these limits are only moderate, not extreme or marked, so her claim failed at step three.

McKee also lost at step five. To decide whether she could work other jobs, the judge called in a vocational expert: a professional who studies the job market, knows how many jobs are out there, and knows what each one requires. After the judge described McKee's impairments to the expert, the expert said that she could work as a labeler, ticketer, or microfilm mounter. So the judge ruled that she was not disabled. The Commissioner adopted his decision, and the District Court agreed.

McKee appeals. At step three, she argues that the judge weighed the scientific evidence improperly. At step five, she argues that the judge misdescribed her limitations to the expert. Both claims fail.

## II. AT STEP THREE, THE JUDGE'S ANALYSIS WAS FLAWED, BUT REMAND WOULD BE FUTILE

We review the judge's factual findings for "substantial evidence" and his legal conclusions de novo. *Chandler v. Comm'r of Soc. Sec.*, 667 F.3d 356, 359 (3d Cir. 2011). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Biestek v. Berryhill*, 139 U.S. 1148, 1153 (2019). The bar "is not high." *Id.*

At step three, much of the judge's reasoning was flawed. Some of his conclusions contradicted each other, and others relied on irrelevant evidence. Even so, he reached the right result: McKee does not have a listed disability.

4

Start with McKee's ability to interact with others. The judge said her limitations were only moderate. But he also noted that "she cannot work on a team or in tandem with co-workers. She can never interact with the public …." AR 21. That statement contradicts his earlier one.

The judge also erred by ignoring scientific evidence that undercut his finding. *See Burnett v. Comm'r of Soc. Sec. Admin.*, 220 F.3d 112, 121–22 (3d Cir. 2000). Dr. Stone, a psychologist, tested McKee and found that her "communication [and] socialization" are not moderately, but "*markedly* deficient." AR 376 (emphasis added). But even though the judge credited Dr. Stone elsewhere, he never mentioned this evidence.

The judge erred again in finding that McKee could concentrate, persist, and maintain pace with only moderate limitations. Almost all the evidence that he relied on was irrelevant. He cited her respect for authority and ability to "follow[] school rules." AR 20. He stressed her ability to take care of herself. All this may be true, but it has nothing to do with concentrating or keeping pace. The judge also cited McKee's score of 75 in perceptual reasoning. But that test measured her ability to understand visual information, not her ability to focus and stay on task. True, he did cite her subtest scores on working memory and processing speed. But because he never described what those scores mean or measure, we cannot say if they suffice to support his finding.

For evidence to be substantial, it must be relevant. Here, most of it was not. So at step three, the judge's conclusion is not supported by substantial evidence. 20 C.F.R. § 405(g).

Ordinarily, we would remand to let the administrative judge take another stab at the case. But remand would be futile; there is no chance that the case will come out differently.

5

So we will affirm. *NLRB v. Wyman-Gordon Co.*, 394 U.S. 759, 766 n.6 (1969); *Rabbers v. Comm'r of Soc. Sec. Admin.*, 582 F.3d 647, 654−55 (6th Cir. 2009) (applying futility exception to a disability case).

Recall that at step three, McKee had to show either one extreme or two marked limitations. As Dr. Stone explained, she may very well be markedly limited in interacting with others. But her ability to keep pace is only moderately limited. She has worked at the drugstore for eighteen years. And though she has never worked a forty-hour week, her mother thought she could. Plus, several psychologists agree that her limitations in this area are moderate. One even said she could work as a receptionist. This record does not support a finding of an extreme or marked limitation at step three.

### III. AT STEP FIVE, THE JUDGE ACCURATELY DESCRIBED MCKEE'S IMPAIRMENTS

McKee also challenges the judge's ruling that she could work other jobs. As she notes, a judge "must accurately convey to the vocational expert all of a claimant's credibly established limitations." *Rutherford v. Barnhart*, 399 F.3d 546, 554 (3d Cir. 2005) (emphasis omitted). She argues that the judge mischaracterized her impairments. But we disagree.

The judge told the expert to assume that McKee "could not work on a team or in tandem with coworkers, and … could never interact with the public, and would not work in a job that requires extensive money management or making change." AR 76. He said that she might require occasional reminders to stay on task. And he stipulated only that she could follow simple instructions and make simple decisions. This profile mirrored her impairments. So the expert's conclusion at step five took into account McKee's disability.

6

\* \* \* \* \*

The administrative law judge's opinion cited some irrelevant facts and understated McKee's interpersonal limitations. But a remand would be futile; on this record, he would have to reach the same outcome. So we will affirm.