**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 23-2386
_____

W. SCOTT PEDDER,
Appellant

v.

COMMISSIONER SOCIAL SECURITY
_____

On Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. Civil Action No. 3-21-cv-00153)
District Judge:  Honorable Alan N. Bloch

_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
March 12, 2024
Before:  BIBAS, PORTER, and MONTGOMERY-REEVES, Circuit Judges

(Opinion filed: March 13, 2024)
_____

OPINION[*]
_____

**PER CURIAM**

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

W. Scott Pedder appeals the District Court's order granting Appellee's motion for summary judgment. For the reasons that follow, we will affirm the District Court's judgment.

In July 2013, an Administrative Law Judge (ALJ) found Pedder disabled based on a leg injury from a motorcycle accident. Because the injury was expected to improve, the ALJ recommended that Pedder's case be reviewed in two years to determine whether he was still disabled. To this end, Pedder was examined by Dr. James Frommer in July 2017. At the initial administrative review, Dr. Diane Fox determined that Pedder's disability had ceased. Pedder sought reconsideration of that decision, and Dr. Nghia Van Tran agreed with Dr. Fox. Pedder appealed that determination to an ALJ.

After a hearing, the ALJ performed the five-step analysis for determining whether Pedder was disabled, including, inter alia, evaluating Pedder's physical impairments and his residual functional capacity. See Hess v. Comm'r Soc. Sec., 931 F.3d 198, 201 (3d Cir. 2019) (describing five-step analysis). The ALJ determined that Pedder was capable of medium work with some limitations and that suitable jobs existed in significant numbers in the national economy. The ALJ concluded on December 4, 2018, that Pedder's disability ended on August 31, 2017, and that he had not become disabled again since that date. Pedder requested review from the Appeals Council, but it denied review. Pedder then filed a complaint in the District Court. The District Court affirmed the ALJ's decision, and Pedder filed a timely notice of appeal.

We have jurisdiction under 28 U.S.C. 1291. Because the Appeals Council denied review, the ALJ's decision is the Commissioner's final decision. See Matthews v. Apfel,

239 F.3d 589, 592 (3d Cir. 2001). We review agency factfinding under a substantial evidence standard. See 42 U.S.C. § 405(g). Under this standard, the reviewing court looks to whether sufficient evidence, i.e., "such relevant evidence as a reasonable mind might accept as adequate," supports the factual determination. See Biestek v. Berryhill, 139 S. Ct. 1148, 1154 (2019) (citation omitted). We are not permitted to re-weigh the evidence or impose our own factual findings. See Chandler v. Comm'r of Soc. Sec., 667 F.3d 356, 359 (3d Cir. 2011).

In his brief, Pedder requests a hearing so that he can provide evidence that Dr. Frommer was dishonest in his opinion. Evidence that was not before the ALJ cannot support a determination that the ALJ's decision was not supported by substantial evidence. Id. A District Court may remand a case for further action if there is new, material evidence and good cause for the failure to incorporate the evidence into the record at the prior proceeding. See § 405(g). Pedder, however, has not shown good cause for failing to provide this evidence at his hearing. Likewise, the fact that Pedder was later found disabled based on more recent medical evidence is not material to the ALJ's determination that Pedder was not disabled in August 2017. The District Court did not err in not remanding the matter.

Pedder complains that the ALJ gave more weight to Dr. Frommer's opinion and not the records from Pedder's treating doctor, Dr. Fowler. While the agency generally gives more weight to medical opinions from treating sources, see 20 C.F.R. § 404.1527(c)(2), Pedder does not point to any medical opinion evidence by Dr. Fowler in the administrative record. See 20 C.F.R. § 404.1513(a)(2) (defining medical opinion as

3

"a statement from a medical source about what [a claimant] can still do despite [his] impairment(s) and whether [he has] one or more impairment-related limitations or restrictions").

Pedder disputes Dr. Frommer's statement that Pedder did not use a cane at his examination. However, he does not explain how this undermines the evidence supporting the ALJ's decision, which is the decision we are reviewing. In concluding that Pedder had the residual functional capacity to perform medium work, the ALJ noted that Pedder needed a cane to walk long distances on an occasional basis. A.R. at 14.

Pedder also challenges Dr. Frommer's opinion that he had full grip of his hands and no arthritis in his leg. We note that the ALJ described Pedder's capacity as limited to occasional fine fingering with the upper left extremity, A.R. at 14, and explained that the limited medium residual functional capacity accounted for the osteoarthritis of the left knee. A.R. at 17. In describing Pedder's fine motor activity skills, Dr. Frommer stated, "[h]and and finger dexterity intact. Grip strength 5/5 bilaterally. He was able to zip, button, and tie, although there was some difficulty due to his inability to flex his index fingers bilaterally." A.R. at 578. Thus, there was substantial evidence in the record to support the ALJ's conclusions with respect to Pedder's fine motor skills. See also A.R. at 745-46 (Dr. Kaufman describing the condition of Pedder's left hand). In addition to this and other medical records and opinions, there was evidence supporting the ALJ's conclusions with respect to Pedder's residual functional capacity. See, e.g., A.R. at 16-17 (noting that Pedder was able to dress and bathe himself, care for his elderly mother,

4

prepare meals, do laundry, mow the lawn, pull weeds, trim hedges, hunt, fish, and change the oil in his car).

Pedder suggests that, in denying review, the Appeals Council did not read his evidence. As noted above, however, we review the ALJ's decision and not that of the Appeals Council. Moreover, that the Appeals Council denied review does not mean that it did not consider Pedder's evidence.

We agree with the District Court that substantial evidence supports the ALJ's determination that Pedder was not disabled. There is sufficient evidence in the administrative record to support the ALJ's determinations regarding Pedder's impairments, his residual functional capacity, and the jobs available in the national economy. Accordingly, we will affirm the District Court's judgment.