**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 24-2940
_____

LUCRECIA TAYLOR,
Appellant

v.

COMMISSIONER SOCIAL SECURITY
_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. No. 2:23-cv-03664)
Magistrate Judge: Jose R. Arteaga
_____

Submitted Under Third Circuit L.A.R. 34.1(a)
June 17, 2025

Before: CHAGARES, *Chief Judge*, MONTGOMERY-REEVES, and McKEE, *Circuit Judges*

(Opinion filed: June 23, 2025)

_____

OPINION[*]
_____

_____

[*]This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

McKEE, *Circuit Judge*.

Lucrecia Taylor appeals the District Court's order upholding the Administrative Law Judge's denial of her claim for social security benefits. For the following reasons, we must affirm.[1]

The ALJ found that Taylor has the following severe impairments: major depressive disorder, an unspecified anxiety disorder, a posttraumatic stress disorder, attention deficit hyperactivity disorder, sarcoidosis, and lumbago with sciatica. The ALJ nevertheless determined that Taylor had "the residual functional capacity to perform light work . . . except with occasional postural activities; avoidance of dust, fumes, toxins, etc. . . . limited to simple repetitive tasks with only occasional changes in the work setting and occasional contact with the public, coworkers and supervisors."[2] The ALJ therefore concluded that Taylor was not disabled and thus denied her disability benefits due to the existence of a significant number of jobs in the national economy that Taylor could perform.

Taylor contends that the ALJ failed to properly evaluate evidence that she had more severe mental symptoms when determining her residual functional capacity. She also argues that the ALJ failed to properly consider the medical opinion of her primary care provider.

---

[1] The District Court had jurisdiction under 42 U.S.C. § 405(g). We have jurisdiction under 28 U.S.C. § 1291.
[2] AR 21.

In its well-reasoned and thorough opinion, the District Court explained that the ALJ had properly evaluated the evidence and medical opinions, and concluded that the ALJ's decision was supported by substantial evidence.[3] Although we are not unsympathetic to Taylor's claim, given this record and the strength and thoroughness of the District Court's analysis, we will affirm the District Court's ruling substantially for the reasons as set forth in its thoughtful opinion.

Nevertheless, we also briefly explain in the margin our agreement with the District Court's conclusion that the ALJ did not err by failing to address a letter from Joana Bueno, Taylor's primary care provider.[4]

---

[3] *See Lucrecia T. v. O'Malley*, No. CV 23-3664, 2024 WL 3824859 (E.D. Pa. Aug. 14, 2024).

[4] Bueno submitted a one-page letter that provided Taylor's diagnoses, medications, and frequency of medical appointments. It also contained a two-sentence opinion about Taylor's mental health:

> Ms. Taylor has a mental health condition resulting in severe impairment to her executive function, which includes her ability to think clearly, manage emotions, make decisions, and relate to others. For this reason, Ms. Taylor's mental health condition substantially limits her major life activities such as maintaining employment.

AR 1147. The District Court found that the ALJ was not required to refer to Bueno's letter because it only addressed "issues which are exclusively reserved for the Commissioner to determine." *Lucrecia T.*, 2024 WL 3824859, at *8. Taylor concedes that Bueno's statement determining she was unable to work "can be rejected without the need for any analysis or explanation." Opening Br. 29. She argues, however, that the ALJ should have considered the remainder of the letter.

"The ALJ—not treating or examining physicians . . . —must make the ultimate disability and RFC determinations." *Chandler v. Comm'r of Soc. Sec.*, 667 F.3d 356, 361 (3d Cir. 2011). "Statements that you are or are not . . . able to work" and "[s]tatements about whether or not you have a severe impairment[]" are "[s]tatements on issues reserved to the Commissioner" that are "inherently neither valuable nor persuasive" and do not require "any analysis." 20 C.F.R. § 404.1520b(c); *see also Jones v. Dudek*, 134 F.4th 991, 997–98 (7th Cir. 2025) (finding "the ALJ had no obligation . . . to provide any analysis" of a doctor's opinion "concerning 'issues reserved to the Commissioner'"

3

(quoting § 404.1520b(c)(3))); *Staheli v. Comm'r, SSA*, 84 F.4th 901, 906 (10th Cir. 2023) (finding "the ALJ was not required to analyze" a doctor's statements "to the extent they addressed the ultimate issue of disability" (citing § 404.1520b(c)(3)(i))). The only opinion Bueno offered was that Taylor had a "severe impairment" that made her unable to "maintain[] employment." AR 1147. Because these statements were reserved solely for the Commissioner, the ALJ was not required to provide any analysis.

Even if the ALJ should have addressed the letter, any error was harmless. *See Rutherford v. Barnhart*, 399 F.3d 546, 553 (3d Cir. 2005) (finding remand unnecessary because error "would not affect the outcome of the case"). The ALJ discussed and considered the medical records that Bueno provided, and agreed with Bueno's assessment that Taylor's mental conditions were "severe impairments," AR 18, that "impaired [her] executive functioning," AR 25. Based on substantial evidence, the ALJ concluded that Taylor was "limited to simple repetitive tasks with only occasional changes in the work setting and occasional contact with the public, coworkers and supervisors." AR 21.

4