**PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 23-2637
_____

RAYMOND STEPHEN ZABOROWSKI,
                                                    Appellant

v.

COMMISSIONER OF SOCIAL SECURITY
_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. No. 2:22-cv-01130)
Magistrate Judge: Honorable Carol S. Wells
_____

Submitted Under Third Circuit L.A.R. 34.1(a)
on July 8, 2024

Before: BIBAS, FREEMAN, and RENDELL, *Circuit Judges*

(Filed: September 18, 2024)

F. Michael Friedman
821 Terwood Road
P.O. Box 467
Drexel Hill, PA 19028

*Counsel for Appellant*

David E. Somers III
SOCIAL SECURITY ADMINISTRATION
OFFICE OF THE GENERAL COUNSEL – OFFICE 3
6401 Security Boulevard
Baltimore, MD 21235
          *Counsel for Appellee*

———————

## OPINION OF THE COURT

———————

BIBAS, *Circuit Judge*.

When weighing medical opinions in Social Security matters, administrative law judges must *consider* a range of factors, but all they must *explain* are the reasons for their decisions. Raymond Zaborowski served in the U.S. Army for 5½ years, including during both Gulf Wars. As a result, he suffers from anxiety and PTSD. Because those conditions have stopped him from working since 2014, he claimed Social Security disability benefits.

The administrative judge denied Zaborowski's claim, explaining that the available medical evidence showed that he could still do light work. At the District Court, Zaborowski consented to jurisdiction by a magistrate judge, who denied review.

2

Zaborowski now appeals. He claims that (1) the regulation that specifies how administrative judges must explain their decisions violates the Social Security Act, (2) the administrative judge did not explain how supportable and consistent each medical opinion was, and (3) the administrative judge's findings of supportability and consistency were not supported by substantial evidence. We review all legal issues, including the regulation's validity, de novo. *Hagans v. Comm'r of Soc. Sec.*, 694 F.3d 287, 292 (3d Cir. 2012). We review the administrative judge's findings of fact and her ultimate decision to deny benefits deferentially for substantial evidence. *Id.*; 42 U.S.C. § 405(g).

*First*, Zaborowski argues that the regulation violates the Act. The statute, he notes, requires administrative judges to state the "reasons upon which [a denial of benefits] is based." 42 U.S.C. § 405(b)(1). And the implementing regulation tells claimants: "We will consider [a list of] factors when we consider the medical opinion(s) and prior administrative medical finding(s) in your case." 20 C.F.R. § 404.1520c(c). Yet that regulation requires administrative judges to explain only two of these factors: whether medical opinions were (1) based on "objective medical evidence and supporting explanations" and (2) consistent with other medical opinions in the record. *Id.*; 20 C.F.R. § 404.1520c(b)(2). We call these two factors supportability and consistency for short.

Like any other regulation, 20 C.F.R. § 404.1520c must follow the statute that authorizes it, which is 42 U.S.C. § 405(a). It does. Zaborowski conflates the authorizing statute's requirement to give *reasons* with the regulation's list of *factors*. A judge may consider many factors yet base a decision on just

3

one or two. And those one or two are the "reasons upon which [the denial of benefits] is based." 42 U.S.C. §405(b)(1). The statute requires administrative judges to explain only the dispositive reasons for their decisions, not everything else that they considered.

The regulation complies with the statute by requiring administrative judges to explain their dispositive reasons. Administrative judges must always discuss the two most important factors: supportability and consistency. 20 C.F.R. § 404.1520c(b)(2). But if opposing medical opinions are equally well-supported and consistent, then supportability and consistency are not dispositive. If so, the administrative judge must "articulate how [she] considered the other most persuasive factors." 20 C.F.R. §404.1520c(b)(3). So under the regulation, administrative judges must always explain the reasons for their decisions. But that does not mean always explaining all the factors.

*Second*, Zaborowski objects that the administrative judge did not articulate how supportable and consistent the various doctors' opinions were. Not so. To satisfy this requirement, a judge need not reiterate the magic words "support" and "consistent" for each doctor. And the administrative judge did weave supportability and consistency throughout her analysis of which doctors were persuasive. AR 31–33. As she explained, the first psychologist based her opinion on her review of the record, and it fit with the other evidence of Zaborowski's condition and treatability. Another psychologist based his opinion on his examination of Zaborowski, and the administrative judge found it "persuasive because it is consistent with the record." AR 32. By contrast, the opinion of Zaborowski's treating psychiatrist was "not consistent with the record that shows that

the claimant has social avoidance issues, but he is able to cope within his limits." *Id.* at 33. Last, Zaborowski's other psychologist did not address "any specific functional work-related limitations or restrictions." *Id.* at 32. There was no need to say more than that.

*Third*, there was substantial evidence to support the administrative judge's decision about how much weight to give each medical opinion, as shown by her explanations discussed above. And after she weighed the opinions, there was substantial evidence for her conclusion that Zaborowski could still work. The first and second psychologists' opinions, plus the record evidence that he could live alone and help his mother with chores and medical appointments, was enough to clear that low threshold. So we will affirm.