**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 25-1095
_____

STEPHEN PENDER,
                                        Appellant

v.

COMMISSIONER OF SOCIAL SECURITY
_____

On Appeal from the United States District Court
for the District of New Jersey
(D.C. Civil Action No. 1:22-cv-05638)
Magistrate Judge:  Honorable Norah McCann King
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
July 15, 2025

Before:  SHWARTZ, MONTGOMERY-REEVES, and SCIRICA, Circuit Judges

(Opinion filed: August 22, 2025)
_____

OPINION[*]
_____

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

**PER CURIAM**

Stephen Pender appeals *pro se* from the District Court's order affirming an administrative law judge's decision partially denying his consolidated applications for Social Security disability insurance benefits and supplemental security income. We will affirm the District Court's judgment.

Pender is a veteran of the United States Army who last worked for the New Jersey Army National Guard in 2013 as a generator mechanic and classroom instructor. He received disability benefits from the Department of Veterans Affairs for service-related injuries, including severe impairment of his left shoulder, degenerative arthritis of the spine, sleep apnea, and post-traumatic stress disorder. Pender first applied for Social Security disability benefits in late 2014, alleging that he had been disabled since December 1, 2013. An ALJ denied his application, but the United States District Court for the District of New Jersey vacated that decision in 2020 and remanded for further proceedings. See Pender v. Comm'r of Soc. Sec., No. 2:19-cv-16289, Docs. 17, 18 (D.N.J. Aug. 20, 2020).

While awaiting the District Court's decision, Pender filed another application for benefits, which the ALJ consolidated with the first. Following a hearing, the ALJ applied the five-step analysis under the Social Security Act's regulations to determine whether Pender was disabled. See Hess v. Comm'r Soc. Sec., 931 F.3d 198, 201-02 (3d Cir. 2019) (setting forth steps). The ALJ found that: (1) Pender had not engaged in

2

substantial gainful activity since the alleged onset date of his disability; (2) he presented with several severe, medically determinable impairments, *e.g.*, degenerative disc disease, the amputation of two toes on his left foot following a lawnmower accident, tearing and osteoarthritis of the left shoulder, and mental health disorders including PTSD;[1] (3) these impairments, whether viewed individually or collectively, did not meet the criteria of any impairment listed in the regulations; (4) although Pender is unable to perform the requirements of his past relevant work, he has the residual functional capacity to perform light work with certain exceptions; and thus (5) Pender was "not disabled" within the meaning of the Social Security Act prior to turning 55 in September 2020 because other work existed in significant numbers in the national economy that he could have performed considering his residual functional capacity, age, education, and work experience. Once Pender's age category changed, however, Medical-Vocational Rule 202.06 directed a finding of "disabled," *ceteris paribus*. Hence the ALJ's partially favorable decision.

The Appeals Council denied Pender's request for review. Pender then sought judicial review by filing a counseled complaint in the District Court. The parties

---

[1] The ALJ also identified a handful of other conditions—sleep apnea, hypertriglyceridemia, atherosclerosis of the extremities, and right carpal tunnel syndrome—that did not constitute severe impairments because they had been resolved, were well controlled with treatment, caused only transient or mild symptoms and limitations, did not last or were not expected to last for twelve months, or were not adequately supported by medical evidence in the record.

consented to the jurisdiction of a United States Magistrate Judge, and the court affirmed the ALJ's decision, finding that it accounted for all evidence of record, was soundly reasoned, and was free from legal error. Pender appeals.

We have jurisdiction pursuant to 28 U.S.C. § 1291.[2] Because the Appeals Council denied Pender's request for review, the ALJ's decision is the final decision of the Commissioner of Social Security. Matthews v. Apfel, 239 F.3d 589, 592 (3d Cir. 2001). We exercise plenary review over all legal conclusions, Hagans v. Comm'r of Soc. Sec., 694 F.3d 287, 292 (3d Cir. 2012), and we review the ALJ's factual findings for "substantial evidence," which is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Biestek v. Berryhill, 587 U.S. 97, 102-03 (2019) (internal quotation marks and citations omitted); see Zaborowski v. Comm'r of Soc. Sec., 115 F.4th 637, 640 (3d Cir. 2024) (describing the "substantial evidence" standard as a "low threshold"). We may not reweigh the evidence or impose our own factual determinations. Chandler v. Comm'r of Soc. Sec., 667 F.3d 356, 359 (3d Cir. 2011).

Pender asserts in general terms that the ALJ erred in partially denying his application for disability benefits. But he does not identify any errors, whether factual or

---

[2] We have jurisdiction where, as here, the parties consented to adjudication by a magistrate judge. See 28 U.S.C. § 636(c)(1); Burton v. Schamp, 25 F.4th 198, 205 & n.9 (3d Cir. 2022); see also Roell v. Withrow, 538 U.S. 580, 590 (2003) (holding that consent may be implied).

4

legal, with particularity in his opening brief.  He thus has forfeited any claim of error.

See M.S. *ex rel.* Hall v. Susquehanna Twp. Sch. Dist., 969 F.3d 120, 124 n.2 (3d Cir. 2020) (citing United States v. Pelullo, 399 F.3d 197, 222 (3d Cir. 2005)); *In re* Surrick, 338 F.3d 224, 237 (3d Cir. 2003).  That said, we have carefully reviewed the administrative record, the ALJ's thorough assessment of it, and the District Court's well-reasoned opinion affirming the same and we have found nothing that compels a different outcome in this case.  For the reasons set forth at length by the District Court, the ALJ's factual findings at steps four and five of the Social Security Act's five-step analysis, and its conclusions about Pender's entitlement to benefits before his 55th birthday—the only aspects of the ALJ's decision challenged below—are supported by "substantial evidence" and are legally sound.  See Biestek, 587 U.S. at 102-03.  Accordingly, we will affirm the judgment of the District Court.