# U.S. COURT OF APPEALS FOR THE THIRD CIRCUIT

No. 25-1923

LAURA FLEMING,
Appellant

v.

COMMISSIONER OF SOCIAL SECURITY

_____

Appeal from the U.S. District Court, District of New Jersey
Magistrate Judge Norah M. King, No. 2:23-cv-00068

Before: BIBAS, PORTER, and BOVE, *Circuit Judges*
Submitted Jan. 29, 2026; Decided Feb. 19, 2026

_____

NONPRECEDENTIAL OPINION[*]

BOVE, *Circuit Judge.*  Plaintiff Laura Fleming appeals a Magistrate Judge's order affirming the denial of her claim for disability benefits.  Plaintiff's singular focus is an Administrative Law Judge's residual functional capacity assessment.  Because the assessment was supported by substantial evidence, we will affirm.

## I.

We assume the parties' familiarity with the underlying facts, procedural history, and issues on appeal.

Plaintiff applied for disability benefits in 2018.  The Social Security Administration

_____

[*]  This disposition is not an opinion of the full Court and, under I.O.P. 5.7, is not binding precedent.

1

denied the application. Upon further review, an Administrative Law Judge reached the same conclusion and found—as relevant here—that Plaintiff had the residual functional capacity to perform light work with certain exceptions. The Appeals Council denied review.

Plaintiff timely challenged the Administrative Law Judge's decision in the District of New Jersey. She consented to resolution of the challenge by a Magistrate Judge. *See* 28 U.S.C. § 636(c). The Magistrate Judge affirmed. *See Laura F. v. Dudek*, 2025 WL 1111311, at *15 (D.N.J. 2025).[1] Plaintiff timely appealed.

## II.

The Magistrate Judge had jurisdiction pursuant to 42 U.S.C. § 405(g). We have jurisdiction under 28 U.S.C. § 1291.

An Administrative Law Judge's residual functional capacity assessment is subject to deferential "substantial evidence" review. *Chandler v. Comm'r of Soc. Sec.*, 667 F.3d 356, 359 (3d Cir. 2011); *see also Zaborowski v. Comm'r of Soc. Sec.*, 115 F.4th 637, 639 (3d Cir. 2024).

## III.

Plaintiff argues that the Administrative Law Judge's residual functional capacity assessment was unfounded. Not so.

---

[1] Unless otherwise indicated, case quotations omit all internal citations, quotation marks, footnotes, alterations, and subsequent history.

Residual functional capacity is the most that a claimant can do despite her limitations. *See* 20 C.F.R. § 416.945(a)(1). The Administrative Law Judge, "not treating or examining physicians or State agency consultants," "must make" that assessment. *Chandler*, 667 F.3d at 361; see also 20 C.F.R. § 416.946(c). "[T]he ALJ is not precluded from reaching RFC determinations without outside medical expert review of each fact incorporated into the decision." *Chandler*, 667 F.3d at 362.

The residual functional capacity determination was supported by substantial evidence. After reviewing all of Plaintiff's medical records, as well as opinions from state medical consultants and Plaintiff's treating physician, the Administrative Law Judge concluded that Plaintiff's limitations and subjective complaints were adequately accommodated by a residual functional capacity of light work with certain exceptions. The Administrative Law Judge rejected the opinion evidence to the extent it was inconsistent with Plaintiff's medical records, which demonstrated that Plaintiff's treatment had been sparse. These records also indicated that, by October 2021, Plaintiff was "volunteer[ing] at her friend's pet shop" and "learning to groom dogs." AR 59.

Plaintiff contends that the Administrative Law Judge failed to "fully develop the record" with respect to her mental health limitations. Br. 21. We disagree. The record disclosed that a doctor had noted that Plaintiff's symptoms were "mild" in 2020. AR 475. Medical records before the Administrative Law Judge also showed that at several points during the relevant period a doctor observed that Plaintiff was "cognitively intact, calm, cooperative, and pleasant" and that she had reported improvement in response to medications. *See, e.g.*, AR 474, 476, 478. The ALJ's conclusion that Plaintiff's mental

3

health impairments were "at most moderate in nature" was amply supported by this evidence. AR 60. The alleged failure to seek out even more support, particularly in light of Plaintiff's unexplained non-appearance for a psychiatric consultative examination, is not a basis for relief from this Court.

On the whole, the Administrative Law Judge relied on "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Biestek v. Berryhill*, 587 U.S. 97, 103 (2019). So we will affirm.